PERCY MORRISON, Appellant, *v.* NEWS SYNDICATE Co., INC., Respondent.

First Department, May 1, 1936.

*Henry G. Hotchkiss* of counsel [*Kenneth M. Spence* with him on the brief; *Spence, Hopkins, Walser & Hotchkiss,* attorneys], for the appellant.

*Stuart N. Updike* of counsel [*James W. Rodgers* with him on the brief], for the respondent.

DORE, J. The action is for libel. The complaint alleges that on or about August 3, 1932, at the city of New York, the defendant maliciously published, concerning the plaintiff, in a newspaper called the *Daily News,* a certain article containing the following false and defamatory matter: " She had been a nurse in a hospital where Morrison had been taken as a drunk." The complaint further alleges that the facts stated were wholly false, and by means of said publication plaintiff was greatly injured in his credit and reputation.

At the trial, after plaintiff's opening to the jury, defendant moved to dismiss the complaint on the ground that plaintiff did not plead facts sufficient to indicate that the alleged libel was uttered concerning him and that the excerpt complained of was not libelous *per se,* and no special damages had been alleged. The court dismissed the complaint without prejudice, basing the dismissal on the ground that the words complained of were not libelous *per se,* and, as special damages were not alleged, the complaint failed to state a cause of action.

The issues presented on this appeal are (1) whether plaintiff pleaded facts sufficient to indicate that the alleged libel was uttered about him; and (2) whether the words complained of are libelous *per se.*

In order to constitute a libel the words used must refer to the plaintiff. Rule 96 of the Rules of Civil Practice provides: " In an action for libel or slander, it is not necessary to state in the complaint any extrinsic fact for the purpose of showing the application to the plaintiff of the defamatory matter, but the plaintiff may

state in general terms that such matter was published or spoken concerning him." This rule, derived from the Code of Civil Procedure, section 535, and the Code of Procedure, section 164, abrogated the common-law rule requiring allegation of extrinsic facts showing the application of the words to the plaintiff. (*Jacquelin* v. *Morning Journal Association*, 39 App. Div. 515 [First Dept.].) In this pleading the reference is specifically to Morrison, not to a class, not to a person unnamed, nor to anonymous persons described only by their calling or their membership in some association. The allegations in this complaint, in our opinion, sufficiently bring the pleading within the intendment of rule 96. Indeed, while it is not necessary here to consider it, a reading of the entire article, which is annexed to the amended answer, confirms the statement made by plaintiff's counsel in his opening, that he would prove plaintiff is the Morrison referred to in the article. Whether he was or not, would be a question of fact for the jury. In any event, as defendant raised the objection for the first time when the case was on trial, the sufficiency of the complaint could be determined by the pleadings then before the court and if the answer aided the complaint by supplying any necessary averment on the first ground above stated, the motion to dismiss on that ground should have been denied. (*Jacquelin* v. *Morning Journal Association, supra,* at p. 519.)

On the second and more important issue presented, plaintiff contends that the printed or written charge that the named person was taken to a hospital as a drunk holds the defamed person up to ridicule, tends to degrade and render him odious in his community, is libelous *per se* and actionable, regardless of special damages. Defendant contends that the charge complained of is not libelous *per se*, does not fall within any of the categories in which charges regarding the use of alcohol have been so held, because it is not made in combination with other charges which are clearly libelous *per se*, and does not refer to a person in his occupation or charge him with drunkenness in a public place.

At the outset a distinction has been made between an oral charge of being drunk or in the habit of getting drunk and written words imputing drunkenness. The American and English Encyclopædia of Law (Vol. 18 [2d ed.], p. 926) contains the following statement derived from an examination of numerous cases: " It is not actionable *per se* to charge a man orally with being drunk or in the habit of getting drunk, unless drunkenness is an indictable offense or unless the charge touches the plaintiff in some office, profession, or occupation in which drunkenness is a disqualification or tends to constitute incapacity; but written words imputing drunkenness to another are actionable without proof of special damage."

The New York cases cited and relied on by defendant to show the charge is not actionable were actions for slander. This complaint alleges a *written* and maliciously published charge of drunkenness concerning the plaintiff. In *Sanderson* v. *Caldwell* (45 N. Y. 398, 402 [1871]) the court said:

" It does not need the citation of authorities to show, that written words, charging another with being a drunkard and with extortionate charges for his services, are libelous.

" They tend to degrade him in the estimation of the community, to deprive him of public confidence and the temporal advantages which naturally result from a reputation for honesty and sobriety."

In *Holmes* v. *Jones* (147 N. Y. 59, 66, 68 [1895]), in which the plaintiff had withdrawn from the jury consideration of the charge that he had presented an extortionate bill, and relied solely for damages on the written charge of intoxication, the court said:

" The plaintiff was, therefore, entitled to recover damages for this misstatement. * * *

" Whether the information was actually true, it [*The Times*] could not know at the time, and so far as its motive was concerned, and whether or not it was actuated by actual malice in making the charge of drunkenness, the actual fact subsequently proved of the truth of the charge of extortion could have no retroactive influence in determining the *quo animo* of the publication."

The judgment was reversed solely on the ground that exclusion of evidence offered by the defendant on the truth of the charge of presenting an extortionate bill was admissible as bearing on the conduct of the plaintiff in the transaction which he himself had brought before the public.

In *Morse* v. *Star Co.* (118 App. Div. 256, 258 [1st Dept. 1907]) the court said: " In my opinion the publication complained of is actionable *per se*, because it not only imputes to the plaintiff drunkenness, *which tends to degrade and render him odious* (*Holmes* v. *Jones*, 147 N. Y. 59; 18 Am. & Eng. Ency. of Law [2d ed.], 867; *Morgan* v. *Kennedy*, 62 Minn. 348), but it also charges him with being drunk in a public place, which is made a crime, punishable by fine or imprisonment or both." (Italics mine.)

While in the above cases and others cited by defendants there were two simultaneously uttered charges that were found libelous *per se*, the courts have neither expressly nor inferentially held that they would not consider a printed charge of drunkenness libelous in the absence of another libelous charge. If of two charges, one is libelous and the other not, the innocent statement is immaterial and the courts would have no reason to comment upon it to make out a libel of the entire charge.

Words which in their natural construction tend to injure the reputation of a person and expose him to contempt or to ridicule or tend to degrade him or render him odious, are libelous. ' (*More* v. *Bennett*, 48 N. Y. 472, 476, 477 [1872].) In a newspaper widely read throughout the city of New York and adjoining localities, plaintiff in this case was not merely charged with being " drunk " or being " a drunk," but was charged with having been taken to a hospital " as a drunk." In our opinion, this written and published charge is libelous *per se*. Such an attack on plaintiff's character and reputation necessarily tended to render him odious in the estimation of a considerable and respectable class in the community, to deprive him of public confidence and the temporal advantages that naturally result from a reputation for sobriety, and is, therefore, libelous *per se*.

The authorities on which defendant relies are distinguishable in their facts, and are not in conflict with the conclusion we reach. In *Peck* v. *Tribune Co.* (214 U. S. 185 [1909]), where the plaintiff, a woman, was charged with having stated for publication in a liquor advertisment that she was a constant user of whisky, Mr. Justice HOLMES, for the court, said: " It seems to us impossible to say that the obvious tendency of what is imputed to the plaintiff by this advertisement is not seriously to hurt her standing with a considerable and respectable class in the community." It is not necessary to go that far to sustain the present complaint. We think that this charge necessarily tended to damage plaintiff as above indicated, and was accordingly libelous *per se*.

The court, therefore, erred in dismissing the complaint, and the judgment should be reversed; and as the complaint was not dismissed until the case was on trial and after the plaintiff's opening, a new trial should be ordered, with costs to the appellant to abide the event.

MARTIN, P. J., McAVOY, GLENNON and UNTERMYER, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.