■ Howard Garfinkel, Respondent, v. Twenty-First Century Publishing Co., Appellant, et al, Defendants. — Order, entered January 22, 1968, appealed from, reversed, on the law, with $50 costs and disbursements to appellant, and the motion to. dismiss the complaint is granted. This action to recover damages for libel is predicated upon language which appeared in an article published in the October, 1967 issue of a magazine known as "Cheetah." The article is not attached to or made a part of the complaint. Plaintiff, owner and publisher of a high school basketball scouting report, alleges that he was termed a "flesh peddler" in the article of that name which dealt with the subject of scouting of high school basketball players. Plaintiff alleges further that defendants stated and published of him "Now I am a publisher and I get paid. This reference is to a high school scouting report which has the distinction of being banned by the NCAA." "I'm legit * * * who cares about the NCAA? They don't like me. I don't like them. They don't even like the AAU." Plaintiff alleges the quoted statements were never made by him and are false, as is the statement "'I have seventy-five clients' he

boasts." Plaintiff does not plead special damages, so unless the language is libelous per se the complaint cannot withstand defendants' motion to dismiss pursuant to CPLR 3211 (subd. [a], par. 7) for failure to state a cause of action. Tested by a fair standard a mere reading of the language leads irresistibly to the conclusion that the language is not libelous per se, and in the absence of special damages the complaint should have been dismissed (Drug Research Corp. v. Curtis Pub. Co., 7 N Y 2d 435; see, also, Tracy v. Newsday, 5 N Y 2d 134). Failure to annex the article or to incorporate it within the complaint renders it impossible to ascertain the context in which the language appears, or even if the language is susceptible of the meaning sought to be ascribed to it (More v. Bennett, 48 N. Y. 472; 5 Carmody-Wait 2d, New York Practice, p. 271, § 29:765). Basketball and basketball scouting are matters of general public interest, particularly in light of the great attraction the game has for the public. A failure to plead malice or show that the statements were made with a reckless disregard for their truth is a further reason for dismissal of the complaint (New York Times Co. v. Sullivan, 376 U. S. 254; cf. Curtis Pub. Co. v. Butts, 388 U. S. 130). November v. Time, Inc. (13 N Y 2d 175) may be distinguished. That case involved an accusation of professional misconduct. For the foregoing reasons the motion to dismiss pursuant to CPLR 3211 (subd. [a], par. 7) or alternatively for summary judgment should have been granted. Concur — Stevens, J. P., Eager, Steuer and Tilzer, JJ.; McGivern, J., dissents in the following memorandum: I dissent and would affirm. Nor do I regard this plaintiff as a "public figure" within the recent constitutional cases. Even in the Federal courts, this determination has been left to the trial court. (Belli v. Orlando Daily Newspapers, 389 F. 2d 579.) And if Howard Garfinkel is a "public figure", I for one, never heard of him. Nor do I perceive any reason, in this record, to ever think society has a burning interest in him or in his works.