## (June 26, 1973)

■ CYNTHIA K. COLPITTS, Appellant, v. WILLIAM M. FINE et al., Respondents.— Order, Supreme Court, New York County, entered on March 24, 1972, granting defendants' motion to dismiss the complaint herein for failure to state a cause of action unanimously reversed, on the law, without costs and without disbursements, and the motion denied. The letter written by William Fine, and the spoken words of his wife, when considered with the extrinsic facts pleaded in the complaint, accuse plaintiff of unlawfully taking an oil painting and, accordingly, it is claimed by plaintiff that they are defamatory per se. "A writing is defamatory — that is, actionable without allegation or proof of special damage — if it tends to expose a person to hatred, contempt or aversion, or to induce an evil or unsavory opinion of him in the minds of a substantial number of the community, even though it may impute no moral turpitude to him. [Citing cases.]" (Mencher v. Chesley, 297 N. Y. 94, 100.) Whether one could reasonably construe the language used in this case as being defamatory, within the above rule, is a function for a jury. "It is enough that reasonable basis exists for such an interpretation. Once that is decided, it becomes the jury's function to say whether that was the sense in which the words were likely to be understood by the ordinary and average reader." (Mencher v. Chesley, supra, p. 100.) Concur — Kupferman, J. P., Murphy, Lane, Tilzer and Capozzoli, JJ.