■ IDEAL PUBLISHING CORP., Appellant, v CREATIVE FEATURES, INC., et al., Defendants, ROSEANN C. HIRSCH, Respondent, and JOHN C. SCOTT et al., Appellants.—Order of the Supreme Court, New York County, entered June 21, 1977, which denied motion of plaintiff-appellant Ideal Publishing Corp. and additional defendants-appellants Scott and Milas to inspect and copy the records of defendant Roseann C. Hirsch's psychiatrist pursuant to CPLR 3101, 3102 and 3121, unanimously affirmed, without costs or disbursements. In this suit wherein plaintiff asserted defendant committed a fraud, defendant counterclaimed for slander and sought substantial damages contending she suffered embarrassment, humiliation, upset and feelings of distress and anguish because of plaintiff's slanderous statements. We do not agree that defendant placed her physical or mental condition in controversy by asserting the counterclaims herein or by her answers to questions from plaintiff's counsel at her examination before trial, concerning psychiatric treatment she had received (cf. *Koump v Smith,* 25 NY2d 287). The slander alleged in the record charged defendant with criminality and professional incompetence. It is well established that words charging a crime or professional incompetence are actionable per se. (5 Carmody-Wait 2d, NY Prac, § 29:772; see *Kleeberg v Sipser,* 265 NY 87, 91; *LeDans, Ltd. v Daley,* 10 AD2d 502, 503.) In cases of slander per se "the law presumes damage to reputation and feelings which may be assessed by the jury under general considerations of the nature of the libel [or slander], the circumstances of its publication, and the situation and standing of the plaintiff" *(Bishop v New York Times,* 233 NY 446, 452). Defendant's allegations of embarrassment, humiliation, etc., merely set forth the natural consequences which the law presumes to result from slander per se; they are to be distinguished from allegations, which defendant did not make and in fact disclaimed, that plaintiff caused injury or damage to her physical or mental condition, consequences which, unlike in an action for negligence, are not implicit in a cause of action for slander. Concur—Lupiano, J. P., Birns, Evans and Capozzoli, JJ.

■ In the Matter of BERNARD J. MCGOVERN, Appellant, v MICHAEL J. CODD, as Police Commissioner of the City of New York, et al., Respondents. —Judgment, Supreme Court, New York County, entered on January 27, 1977, unanimously affirmed for the reasons stated by Baer, J., at Special Term, without costs and without disbursements. Concur—Kupferman, J. P., Silverman, Lane and Markewich, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMANUEL CARABALLO, True Name ERASMO IRIZARRY, Appellant.—Judgment, Supreme Court, Bronx County, rendered on August 30, 1976, unanimously affirmed. Application by appellant's counsel to withdraw as counsel granted (see *Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833). No opinion. Concur—Lupiano, J. P., Birns, Evans and Capozzoli, JJ.

■ In the Matter of DAVID S. MALTIN, as Preliminary Executor of THEODORE H. FINKLE, Deceased. DAVID S. MALTIN, as Preliminary Executor of THEODORE H. FINKLE, Deceased, Respondent; MILTON R. REISNER, Appellant.—Order, Surrogate's Court, New York County, entered on May 27, 1977, unanimously affirmed on the opinion of Midonick, S. Petitioner-respondent shall recover of respondent-appellant $60 costs and disbursements of this appeal. Concur—Lupiano, J. P., Birns, Evans and Capozzoli, JJ.