STANLEY BLUMENSTEIN, Appellant, v CHRISTINE CHASE, Respondent.

Second Department, March 26, 1984

APPEARANCES OF COUNSEL

*Berkman, Henoch, Kadin & Peddy* (*Gilbert Henoch* of counsel), for appellant.

*Twomey, Latham & Shea* (*Christopher D. Kelley* and *Victor Rabinowitz* of counsel), for respondent.

OPINION OF THE COURT

MANGANO, J.

The instant libel action arose out of the publication of a letter to the editor in the December 9, 1982 edition of the *East Hampton Star*. That letter, written by the defendant on December 6, 1982, alleged that (1) the "Keep East Hampton Beautiful, Safe, and Sound" committee had employed "slander, misrepresentation, and outright nonsense" in its campaign to stop certain planned improvements at the town airport, (2) the developer of a subdivision known as "Goodfriend Park", which was located near the airport, exerted pressure on the town supervisor to disapprove the planned improvements, and (3) the "developers of Goodfriend Park" were "also the leaders of the 'Keep East Hampton Beautiful, Safe, and Sound'" committee.

In the complaint, which charged that the allegations in the letter were "wholly false and libelous", plaintiff alleged that he was the "contract vendee" and developer of Goodfriend Park and was known by the public in that role. Plaintiff further alleged that defendant "knew or should have known" that the statements in the letter were false. Finally, plaintiff alleged that his reputation as a real estate developer, and that of his project known as Goodfriend Park, had been damaged, and he demanded compensatory damages in the sum of $1,000,000.

Thereafter, defendant moved to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 7) on the ground that it failed to state a cause of action. In support of the motion to dismiss, defendant's counsel alleged that the complaint failed "to set forth any specific actual damages suffered by plaintiff" and that "under the laws of libel in the State of New York, actual injury must be plead [*sic*] and proven in a libel case for plaintiff to recover, and no damages are presumed".

In opposition to the motion, plaintiff's counsel argued that there "is no legal requirement that actual specific dollar figures of damages be specified for each of the particular aspects of plaintiff's damages".

Special Term, in relying on the decision of the United States Supreme Court in *Gertz v Robert Welch, Inc.* (418 US 323), granted the defendant's motion to dismiss the complaint, with prejudice, holding, *inter alia:* "No actual damages have been pleaded and none can be deemed to flow from the allegedly libelous publication".

We reverse and deny defendant's motion to dismiss the complaint.

In *New York Times Co. v Sullivan* (376 US 254) and *Curtis Pub. Co. v Butts* (388 US 130) the Supreme Court of the United States imposed constitutional restrictions on State defamation laws. In those cases the Supreme Court held that the First Amendment prevented the imposition of common-law strict liability for defamation of public officials and public figures by the media, and that allegedly defamatory statements concerning these two categories of plaintiffs were privileged unless it could be established by clear and convincing proof that the material was published

with "actual malice", i.e., with actual knowledge of falsity or with reckless disregard of whether or not the statement was false (*New York Times Co. v Sullivan, supra,* pp 279-280; see, also, *St. Amant v Thompson,* 390 US 727, 731; *Garrison v Louisiana,* 379 US 64).

In 1974, the Supreme Court of the United States decided the case of *Gertz v Robert Welch, Inc.* (*supra*), which involved media defamation of private persons. The court held that no constitutional privilege inures to the benefit of defendants in cases of media defamation of private persons, notwithstanding that the subject of the publication concerned a matter of public interest. The court held (p 348) that as long as liability was not imposed without fault, the States could, in the area of media defamation of private persons, impose liability "on a less demanding showing" than the actual malice test required by *New York Times Co. v Sullivan* (*supra*). The court in *Gertz* (*supra*) further held that presumed damages and punitive damages could not be recovered without proof of actual malice as defined in *New York Times Co. v Sullivan* (*supra*), and that private persons in defamation cases who established liability under a less demanding standard than actual malice could recover only such damages as were sufficient to compensate for "actual injury" which the court defined as follows: "Suffice it to say that actual injury is not limited to out-of-pocket loss. Indeed, the more customary types of actual harm inflicted by defamatory falsehood include impairment of reputation and standing in the community, personal humiliation, and mental anguish and suffering. Of course, juries must be limited by appropriate instructions, and all awards must be supported by competent evidence concerning the injury, although there need be no evidence which assigns an actual dollar value to the injury" (*Gertz v Robert Welch, Inc., supra,* p 350).

Although the principles set forth in *Gertz* (*supra*) are nominally applicable to the case at bar, which also involves media defamation of a private person, their impact is necessarily diminished by the fact that this case involves the issue of the sufficiency of the complaint, rather than an issue of proof. Whether or not plaintiff will be able to recover presumed and punitive damages, or only damages

for actual injury, will depend, under *Gertz* (*supra*), on whether he can prove actual malice as defined in *New York Times Co. v Sullivan* (*supra*), and as sufficiently alleged in the complaint at bar.

However, the *Gertz* case (*supra*) did not in any way alter the rule in New York that "special damages as the term is used by New York courts, i.e., as the loss of something having economic or pecuniary value" need not be pleaded in order to state a valid cause of action for libel per se, i.e., "a libel in which the fact of defamation is clear from the publication itself" (*Hogan v Herald Co.*, 84 AD2d 470, 480, affd 58 NY2d 630). Although special damages "as so defined are included in the term actual damages used in *Gertz* (*supra*), the Supreme Court did not limit actual damages to out-of-pocket or pecuniary damage: loss of reputation, humiliation and mental anguish are also compensable" (*Hogan v Herald Co.*, 84 AD2d 470, 480-481, *supra*).

In his complaint in the instant action, plaintiff has alleged that he suffered actual injury, i.e., loss of reputation, as a result of the claimed libel. Pursuant to *Gertz* (*supra*), plaintiff will be put to his proof at trial regarding his injuries. However, it cannot be said that the complaint fails to state a cause in libel for the reason that plaintiff has failed to plead actual injury (*Hogan v Herald Co.*, *supra*).

Accordingly, the order and judgment (one paper) appealed from should be reversed and the motion to dismiss the complaint denied.

Lazer, J. P., Bracken and Niehoff, JJ., concur.

Order and judgment (one paper) of the Supreme Court, Suffolk County, entered May 13, 1983, reversed, on the law, with costs, and motion to dismiss plaintiff's complaint pursuant to CPLR 3211 (subd [a], par 7) denied. Defendant's time to answer is extended until 10 days after service upon her of a copy of the order to be made hereon, with notice of entry.