■ GARY BISHOP, Appellant, v JOHN M. CHIRICO, Respondent. — Yesawich, Jr., J. Appeals (1) from a judgment of the County Court of Montgomery County in favor of defendant on the first and second causes of action, entered August 31, 1983, upon a verdict rendered at Trial Term (White, J.), and (2) from an order of said court, entered November 4, 1983, which denied plaintiff's motion to retax or strike defendant's bill of costs.

Defendant reported to the Amsterdam Police Department that plaintiff criminally possessed an amplifier stolen from defendant three days earlier; in fact the amplifier had not been wrongfully taken. After the police obtained the amplifier, defendant identified it and reaffirmed that it had been stolen. The falsity of defendant's criminal charges against plaintiff soon became evident and defendant eventually pleaded guilty to the crime of falsely reporting an incident in the third degree. Defendant's false accusations precipitated the instant suit in which plaintiff alleged causes of action for libel and slander, as well as a third cause of action to recover a $200 debt which arose either from a loan of money or from a sale of marihuana by plaintiff to defendant; to secure that debt, defendant had given plaintiff the amplifier later recovered by the police.

After the close of the evidence, plaintiff moved for a directed verdict on the ground that defendant's testimony admitting the falsity of his oral and written criminal accusations made against plaintiff constituted libel and slander per se as a matter of law. That motion was denied. Thereafter, the jury returned a verdict of no cause on the defamation causes of action, but awarded plaintiff $200 on the third cause of action. Based on their respective partial successes at trial, the parties entered separate judgments for costs. Plaintiff's motion to retax the costs recovered by defendant was denied; it is from the order entered thereon and the judgment entered in favor of defendant on the defamation causes of action that plaintiff now appeals.

*Moore v Francis* (121 NY 199) is determinative of this appeal. There, the trial court's refusal to entertain plaintiff's request to resolve as a matter of law, rather than submit to the jury, whether the subject publication was libelous prompted this

pertinent comment from the Court of Appeals: "The jury found a verdict for the defendants, and as the verdict may have proceeded upon the finding that the article was not libellous, the question is presented whether it was *per se* libellous. If it was, the court erred in leaving the question to the jury. It is the settled law of this state that in a civil action for libel, where the publication is admitted and the words are unambiguous and admit of but one sense, the question of libel or no libel is one of law which the court must decide" (*supra,* at 202-203).

Similarly, the jury's no cause verdict in the present case leaves unresolved the question of whether its decision rested on a finding that libel and slander were not present or that there was no resultant damage. Since defendant conceded at trial that he gave both oral and written statements to the police which falsely imputed that plaintiff had committed a crime punishable by imprisonment, it is beyond dispute that plaintiff established his causes of action for libel and slander per se (*see, Moore v Francis, supra; Privitera v Town of Phelps,* 79 AD2d 1, 3, *appeal dismissed* 53 NY2d 796; *Ideal Pub. Corp. v Creative Features,* 59 AD2d 862). A directed verdict in plaintiff's favor was therefore improperly withheld and a new trial on the issue of plaintiff's damages is required. In view of this disposition, it necessarily follows that the costs awarded to defendant for successfully defending the libel and slander causes of action must be set aside.

Judgment reversed, on the law, without costs, judgment on the issue of liability granted in favor of plaintiff on his first and second causes of action, and matter remitted to the County Court of Montgomery County for a new trial on the issue of plaintiff's damages with respect thereto.

Order reversed, on the law, without costs, and plaintiff's motion to strike defendant's bill of costs granted. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.