■ ESMERALDA ALVARADO et al., Respondents, v K-III MAGAZINE CORPORATION et al., Appellants, et al., Defendants. [610 NYS2d 241] —Order of the Supreme Court, New York County (Leland DeGrasse, J.), entered September 23, 1993, which denied defendants' motions to dismiss the complaint for failure to state a cause of action for violation of Civil Rights Law §§ 50 and 51, and which denied defendant K-III Magazine Corporation's motion to dismiss the complaint for failure to state a cause of action for libel, unanimously reversed, on the law, to the extent appealed from, and the complaint dismissed as against defendants-appellants, without costs. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing and severing the complaint as against them, without costs.

This action arises as the result of the use of an unauthorized photograph of plaintiffs in connection with an article concerning various aspects of Mexican immigrant life in New York City. The photograph was provided by defendant Impact Visuals Photo & Graphics, Inc. and was displayed by defendant K-III Magazine Corporation in *New York Magazine.* Accompanying the photograph is a caption which reads, "Once

a month, transplanted Mexicans pay up to $100 to swill Tecate [Mexican beer] and listen to local bands at the old Roseland Ballroom." Plaintiffs, 18 and 20 years old at the time of publication, state that they are not Mexican and have never attended concerts such as those described in the article. They aver that the photograph was taken at an afternoon concert where they were accompanied by their mother and uncle and at which no alcohol was served.

Plaintiffs allege that their photograph was published in violation of their rights under Civil Rights Law §§ 50 and 51. While the complaint pleads no special damages, plaintiffs further contend that publication of their likeness in this context constitutes libel per se. The magazine and Impact Visuals moved to dismiss both causes of action under CPLR 3211 (a) (7) for failure to state a cause of action. Supreme Court granted Impact Visuals' motion to dismiss the libel cause of action, but let stand the libel cause of action against the magazine and the cause of action based on violation of the Civil Rights Law against both defendants.

Civil Rights Law §§ 50 and 51 protect against the noncon-sensual use of an individual's name or picture "for advertising purposes, or for the purposes of trade". It is well settled that " ' "[a] picture illustrating an article on a matter of public interest is not considered used for the purpose of trade or advertising * * * unless it has no real relationship to the article * * * or unless the article is an advertisement in disguise" ' " (Finger v Omni Publs. Intl., 77 NY2d 138, 142). It is enough that the photograph illustrate the general theme of the article (supra, at 143; Arrington v New York Times Co., 55 NY2d 433, cert denied 459 US 1146) and plaintiffs' depiction, concededly enjoying a concert, is sufficient to take the use of their photograph out of the purview of the statute.

The cause of action sounding in defamation is also subject to dismissal. The essence of plaintiffs' argument is that use of the word "swill" in connection with the consumption of beer imputes drunkenness because the definition of the word, appli-cable in this context, is "drink or eat freely, greedily or to excess" (Webster's Ninth New Collegiate Dictionary).

In assessing defamatory meaning, "[t]he language will be given a fair reading and the court will not strain to place a particular interpretation on the published words" (James v Gannett Co., 40 NY2d 415, 420). However, even assuming, for the purposes of a dismissal motion, that plaintiffs were de-picted as being among the patrons drunk at the concert, the

imputation of drunkenness is libelous only when accompanied by some aggravating factor not present here *(Sanderson v Caldwell,* 45 NY 398 [habitually drunken lawyer]; *Morrison v News Syndicate Co.,* 247 App Div 397, 398 [taken to hospital as " 'a drunk' "]).

Even if we were to go so far as to accept that the *New York Magazine* article denotes participation in underage drinking in violation of Alcoholic Beverage Control Law § 65-c, an argument not advanced in this action, plaintiffs' ages are not stated or otherwise apparent in the article. This information therefore constitutes extrinsic fact not "presumably known to its readers" which, even if pleaded and proved, does not make the article libelous on its face *(Hinsdale v Orange County Publs.,* 17 NY2d 284, 290). While the article has doubtless resulted in some embarrassment to plaintiffs, underage drinking is nevertheless merely a summonsable offense that does not engender the requisite "contempt, ridicule, aversion or disgrace" to comprise libel per se *(Sydney v Macfadden Newspaper Publ. Corp.,* 242 NY 208, 211-212; *see, Liberman v Gelstein,* 80 NY2d 429, 436 [imputation of harassment not slander]). Accordingly, the failure to plead special damages is fatal to the complaint *(Aronson v Wiersma,* 65 NY2d 592). Concur—Asch, J. P., Rubin, Williams and Tom, JJ.