■ JACINTO APONTE, Respondent, v COSMOPOLITAN EMPLOYMENT AGENCY, Doing Business as COSMOPOLITAN BUILDING MAINTENANCE, Respondent. JACINTO APONTE et al., Respondents, v CITY OF NEW YORK DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT, Respondent, and AMERICAN SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS, Appellant, et al., Defendant. [642 NYS2d 862] —Order, Supreme Court, New York County (Jane S. Solomon, J.), entered July 22, 1994, which, *inter alia*, denied the motion of defendant The American Society for the Prevention of Cruelty to Animals (ASPCA) for summary judgment dismissing the complaint against it, unanimously reversed, on the law, to the extent appealed from, the ASPCA's motion granted and the complaint dismissed as against it, without costs. The Clerk is directed to enter judg-

ment in favor of defendant-appellant dismissing and severing the action as against it.

On July 19, 1985, the ASPCA raided a cockfight being held in the basement of a New York City Department of Housing Preservation and Development (HPD) building on Troutman Street in Brooklyn. A riot ensued outside the building and several rioters confronted the police. Plaintiff, the superintendent of the building, who worked for defendant Cosmopolitan, which had a contract with HPD, has consistently maintained that he was not present at the time, but was at the hospital awaiting the birth of his grandchild. Thereafter, HPD conducted an investigation which resulted in plaintiff being fired from his job and evicted from his apartment. During the course of the HPD investigation, an ASPCA employee, after being shown plaintiff's photograph, allegedly uttered the complained of statements, indicating that "he recalled that he [plaintiff] had stayed outside the building the night of the arrest and he was verbally harassing the police" and that plaintiff said: "You don't know what you are doing; to the arresting officers."

In his third cause of action, plaintiff alleges that such statements were false and defamatory and damaging to his good name and reputation. The IAS Court dismissed that cause of action against Cosmopolitan on the ground that such statements were privileged, but denied the ASPCA's motion for summary judgment.

We agree with the ASPCA that it, like Cosmopolitan, should have enjoyed a qualified privilege. Its employee was responding bona fide to an investigative inquiry and, even if he was incorrect, there is no preliminary showing that he acted other than in good faith and the declarant, as well as the investigator, shared a corresponding interest in resolving the inquiry (see, Stukuls v State of New York, 42 NY2d 272, 278-279). However, the ASPCA never raised this affirmative defense below and the issue is not preserved for our review. Nevertheless, summary judgment should have been granted to the ASPCA inasmuch as the statements, although factual in nature rather than opinion, are not defamatory as a matter of law.

In assessing defamatory meaning, the language must be given a fair reading and courts will not strain to place a particular interpretation on the words at issue (see, Alvarado v K-III Mag. Corp., 203 AD2d 135, 136). All that was stated by the ASPCA employee was that plaintiff had said to police that they did not know what they were doing. The HPD investigator characterized the words as verbally interfering with the po-

lice. However, while HPD's use of the communication may be actionable under other theories, the statement by the ASPCA's agent, repeating what plaintiff allegedly did and said, does not fit the criteria for defamation. It did not accuse him of criminality, did not hold him up to public contempt or ridicule, harm his reputation materially or interfere with his association with third parties. The fact that economic damages might possibly flow from HPD's actions does not render the ASPCA legally responsible for such damages. Concur—Sullivan, J. P., Milonas, Ellerin, Rubin and Kupferman, JJ.