■ KENNETH C. HAHN et al., Appellants, v JAMES E. KONSTANTY et al., Respondents. [684 NYS2d 38] —Yesawich Jr., J. Appeals from two orders of the Supreme Court (Ingraham, J.), entered June 26, 1997 and August 13, 1997 in Otsego County, which, *inter alia*, granted defendants' motions for summary judgment dismissing the complaint.

On March 30, 1995, The Daily Star (hereinafter the newspaper) published an article authored by defendant Theodore Decker reporting the outcome of a Federal civil suit in which plaintiffs asserted that they had been illegally arrested. In setting forth the facts underlying plaintiffs' claim, Decker wrote that they had been arrested and "charged with aggravated disorderly conduct" in 1991, after allegedly disrupting a church service, but that "the charges were later dismissed on the condition that they stay away from the church". When informed by plaintiffs that they had agreed to no such condition, the newspaper published a correction, stating, *inter alia*, that "Otsego County Attorney James Konstanty this week elaborated that although no such formal condition was signed by [plaintiffs], there was a 'gentleman's agreement' that the couple not return to the church. [Plaintiff] Kenneth Hahn

denied that any such agreement, formal or informal, ever existed."*

Plaintiffs thereafter commenced this action charging the newspaper and several of its employees, including Decker, along with Otsego County, Konstanty and other County representatives, with having tarnished plaintiffs' "good names and reputations" by publishing the previously quoted portion of the original article, which they contend erroneously reported the circumstances surrounding the termination of the criminal proceeding that had been instituted against them. Defendants' motions for summary judgment having been granted by Supreme Court, this appeal ensued.

We affirm. As plaintiffs did not plead any special damages in their complaint, and concede that they "cannot claim any monetary loss" as a result of defendants' alleged wrongdoing, the complaint must be dismissed unless the statements at issue can properly be characterized as "libel per se" (see, *Rinaldi v Holt, Rinehart & Winston*, 42 NY2d 369, 379, *cert denied*, 434 US 969; *Alvarado v K-III Mag. Corp.* 203 AD2d 135, 137; *Garfinkel v Twenty-First Century Publ. Co.*, 30 AD2d 787, 788, *appeal dismissed* 22 NY2d 970).

Although a report that a person has been charged with or convicted of a crime, if untrue, can constitute libel per se (see, *Ideal Publ. Corp. v Creative Features*, 59 AD2d 862), plaintiffs do not challenge the truth of the assertion that they were indeed charged with aggravated disorderly conduct; the only portion of the original article with which they take umbrage is the representation that those charges were dismissed "on the condition that [plaintiffs] stay away from the church". Given the report as a whole, we find no merit in plaintiffs' contention that this statement would necessarily leave an average reader with the impression that they had actually committed the crime charged, "and had plea-bargained in order to have the charges dismissed". And as plaintiffs have advanced no other grounds for concluding that the statement at issue exposed them to " 'hatred, contempt or aversion' ", or that it induced " 'an evil or unsavory opinion of [them] in the minds of a substantial number of the community' " (*Golub v Enquirer/*

---

* Although plaintiffs now argue that this attempt to clarify or correct the earlier account was also false and damaging, their complaint does not specifically mention any statements contained in the later article as having been defamatory (see, CPLR 3016 [a]). But even if those later statements were considered, they could not form the basis for recovery by plaintiffs, for they indisputably constitute a "substantially true" account of, *inter alia*, the conflicting positions taken by Konstanty and plaintiffs with respect to the events reported (see, *Fairley v Peekskill Star*, 83 AD2d 294, 297).

*Star Group*, 89 NY2d 1074, 1076, quoting *Mencher v Chesley*, 297 NY 94, 100), the complaint was properly dismissed.

Cardona, P. J., Crew III, Peters and Carpinello, JJ., concur. Ordered that the orders are affirmed, with costs.