■ TATIA MORSETTE, Respondent, v FINAL CALL, Also Known as FCN PUBLISHING, Appellant, et al., Defendants. [718 NYS2d 29] —Order, Supreme Court, New York County (Jane Solomon, J.), entered April 17, 2000, which, in an action for libel, *inter*

*alia*, denied defendant newspaper's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

On the front page and two other pages of its newspaper, defendant published photographs of plaintiff to illustrate an article about the negative consequences to society of mothers in prison. The pictures were taken from defendant's archives, two of them being altered by superimposing a drawing that made it appear as if plaintiff was wearing a prison uniform with an identification number. The article did not identify plaintiff or expressly accuse her of a criminal act. In an edition published shortly thereafter, defendant "clarified" that the photographs were for illustration purposes only and were not intended to convey the impression that plaintiff was either a mother or incarcerated, and that defendant regretted any confusion caused thereby. Plaintiff alleges that the pictures implied that she was a criminal, and, as a result, she suffered humiliation and emotional distress. No special damages are pleaded. Whether the pictures in question fairly implied that plaintiff was a criminal, and were therefore defamatory, is a question of fact (*see, Colpitts v Fine*, 42 AD2d 551). Should it be determined that the pictures did imply criminality, they would constitute libel per se, making proof of special damages unnecessary (*see, Ideal Publ. Corp. v Creative Features*, 59 AD2d 862; *Blumenstein v Chase*, 100 AD2d 243, 246). An issue of fact also exists as to whether defendant "acted in a grossly irresponsible manner without due consideration for the standards of information gathering and dissemination ordinarily followed by responsible parties" (*Chapadeau v Utica Observer-Dispatch*, 38 NY2d 196, 199; *cf., Alicea v Ogden Newspapers*, 115 AD2d 233, *affd* 67 NY2d 862). We have considered and rejected defendant's other arguments. Concur—Sullivan, P. J., Rosenberger, Williams, Ellerin and Andrias, JJ.