■ In the Matter of MICHAEL CAROTA, Petitioner, v GLENN S. GOORD, as Commissioner of the New York State Department of Correctional Services, Respondent. [727 NYS2d 737] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating the prison disciplinary rule which prohibits inmates from conspiring to introduce a controlled substance into a correctional facility. He challenges the determination of his guilt on the ground, *inter alia*, that it was not supported by substantial evidence.

Included in the evidence presented at the disciplinary hearing was the testimony of Senior Investigator James Bezio, author of the misbehavior report. Bezio testified that his investigations led to the information that petitioner had made an agreement with inmate Efrin Latorre whereby petitioner would direct his mother to send $400 to Latorre's sister,

Michelle Padin. Padin would then purchase a gram of heroin to be transferred to Latorre during a prison visit. The scheme was ultimately aborted when Padin was frisked by correction officers and the heroin was found.

Introduced in evidence at the hearing was Padin's statement, given to State Troopers following her apprehension, wherein she related that Latorre had telephoned her with instructions that money would be sent to her from petitioner's mother for the purchase of heroin which she was to bring to Latorre at the facility. Testimony was also presented by petitioner wherein he admitted that he had initiated numerous telephone conversations with Padin and that he had directed his mother to send her $400, although he denied knowing that the money would be used to buy drugs.

We find that the misbehavior report, the statements given by Padin and Latorre, the testimony of Bezio and the admissions made by petitioner in his testimony constituted substantial evidence supporting the determination of guilt (*see, Matter of King v Carpenter*, 227 AD2d 711; *Matter of Ingram v Mann*, 219 AD2d 743). Petitioner's assertion that he was unaware that the money sent to Padin would be used to buy heroin presented an issue of credibility for resolution by the Hearing Officer (*see, Matter of Davis v Selsky*, 270 AD2d 548).

Petitioner's claim that he was improperly denied the opportunity to call Padin as a witness is belied by the hearing transcript which shows that he was repeatedly asked during the hearing if he wanted to call additional witnesses. Since he declined to do so until after the hearing had been adjourned for deliberation, his request was untimely (*see, Matter of Rodriguez-Aliseo v Selsky*, 268 AD2d 739, 740; *Matter of Infante v Johnson*, 258 AD2d 799). Petitioner's remaining contentions have been examined and found to be without merit.

Mercure, J. P., Spain, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.