In the Matter of FRANK SALINAS, Appellant, v. ROBERT J. HENDERSON, as Superintendent, Respondent.— Judgment unanimously reversed and matter remitted to Supreme Court, Cayuga County for a hearing. Memorandum: Appellant, an inmate of Auburn State Correctional Facility, lost 90 days' good time, after a hearing, as a result of his alleged participation in a disturbance at the prison in November, 1970. Following that determination, he instituted an article 78 proceeding in Supreme Court alleging that his hearing at the prison was not conducted according to law. While, as the trial court correctly stated,

940

decisions of the Correction Department are not judicially reviewable if made according to law (Correction Law, § 803), nevertheless, we believe that its dismissal of appellant's petition without a hearing on the grounds that it lacked merit was error. Chapter V of title 7 of the Rules and Regulations of the Correction Department sets forth a procedure to be followed in the conduct of disciplinary proceedings. Section 253.3 of the Rules and Regulations (7 NYCRR 253.3) provides that the person appointed to conduct the proceeding shall designate an employee "to furnish assistance to the inmate" (subd. [a]), which employee "shall explain the nature of the proceeding and the charge to the inmate * * * [and] ask whether * * * there is any factual matter that can be presented in his behalf and * * * investigate any reasonable factual claim the inmate may make" (subd. [b]). In his article 78 application petitioner alleges that he was innocent of the charge and, more specifically, that he had no representation at the hearing and was not permitted to call witnesses in his own behalf and that the hearing was not held according to the Rules and Regulations of the Correction Department. The respondent does not controvert these allegations but merely states that the appellant is not entitled to legal counsel under any circumstances. In our view, petitioner's uncontroverted allegations present an issue which requires a hearing in Supreme Court in order to determine whether the present hearing which deprived appellant of his ninety days good time was made in violation of lawful procedure (CPLR 7803, subd. 3; CPLR 7804, subd. [g]). (Appeal from judgment of Cayuga Special Term, denying application for show cause order in article 78 proceeding.) Present— Goldman, P. J., Marsh, Witmer, Gabrielli and Moule, JJ.