■ In the Matter of ALBERT McQUEEN, Also Known as YUSUF ABDUL ALIM, Appellant, v LEON J. VINCENT, as Superintendent of Green Haven Correctional Facility, Respondent.—In a proceeding pursuant to CPLR article 78 *inter alia* to review a determination of respondent that petitioner (1) lose 180 days' good time and (2) be confined to "Special Housing" for a certain period, the petitioner appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Dutchess County, dated June 20, 1975, as, after a hearing, denied that part of his petition which sought to annul the aforesaid determination. Judgment reversed insofar as appealed from, without costs or disbursements, and proceeding remitted to Special Term for a new hearing in accordance herewith. Appellant, an inmate of the Green

Haven Correctional Facility, lost 180 days' good behavior allowance and received 90 days' punitive segregation as a result of his alleged assaults on several correction officers in February, 1975. Following that determination, he instituted the instant proceeding in Special Term alleging, among other things, that he had been unjustly and unduly detained in the Special Housing Unit and that he had been initially segregated without notice, hearing or explanation. Special Term held that the petitioner had been duly notified of the disciplinary charges against him and that there had been no constitutional impairment of his due process rights. While we agree with the conclusion that the advance written notice requirements were met, we find that the record of the superintendent's proceeding is incomplete so as to preclude adequate review by any reviewing body within the administrative system (see *Wilkinson v Skinner,* 34 NY2d 53). In *Wolff v McDonnell* (418 US 539, 564–565), the Supreme Court recognized the necessity for complete written records of prison disciplinary proceedings: "We also hold that there must be a 'written statement by the factfinders as to the evidence relied on and reasons' for the disciplinary action. * * * Written records of proceedings will thus protect the inmate against collateral consequences based on a misunderstanding of the nature of the original proceeding. Further, as to the disciplinary action itself, the provision for a written record helps to insure that administrators, faced with possible scrutiny by state officials and the public, and perhaps even the courts, where fundamental constitutional rights may have been abridged, will act fairly. Without written records, the inmate will be at a severe disadvantage in propounding his own cause to or defending himself from others." At the heart of any review is the concept that the fact finder has based his decision upon facts rationally determined (see *Sostre v McGinnis,* 442 F2d 178, 195). The record herein is totally silent with respect to the charges relating to the incident on February 20, 1975. We do not know the basis of the fact finder's decision, nor do we have any relevant facts before us, other than the bare charge, as to what transpired on that date. The second charge, involving an alleged incident on the following day, is more complete but consists nevertheless of nothing more than a listing of the interviews and the reports relied upon. Without the inclusion of these reports and a summary of the interviews, as well as some indication as to what documents were before the acting superintendent and the commissioner, there is an insufficient basis upon which a court can conclude that all due process requirements were met (see 7 NYCRR 270.3). While the court itself is barred from reviewing the merits of respondent's findings, the scope of its review does extend to whether the respondent acted pursuant to lawful procedure (see Correction Law, § 803, subd 4; *Matter of Salinas v Henderson,* 40 AD2d 939). The record is also silent as to whether the petitioner received a written statement of the disposition, including a statement of the evidence relied upon (see 7 NYCRR 253.4 [i]), and whether he was permitted to call witnesses, and, if not, whether there was justification for such refusal *(Wolff v McDonnell,* 418 US 539, 566–567, *supra).* Minimal due process mandates that petitioner receive such a statement by the fact finder, as well as the reasons for the disciplinary action (see *Wolff v McDonnell, supra,* pp 564–565). We note also that procedural requirements involving separate reports by witnesses were met (see 7 NYCRR 251.4 [b]), and that the allegations contained in the charges themselves were sufficiently specific to enable the petitioner to prepare an adequate defense. Any violation of the regulations in this regard is *de minimis* and does not rise to constitutional levels. Martuscello, Acting P. J., Cohalan, Margett, Damiani and Hawkins, JJ., concur.