■    In the Matter of the Estate of ETHEL HARRIS, Deceased.—Decree unanimously affirmed, without costs, for the reasons stated at Surrogate's Court, Oliver, S. (Appeal from decree of Wayne County Surrogate's Court—claim against estate.) Present—Marsh, P. J., Cardamone, Dillon, Hancock, Jr., and Witmer, JJ. [88 Misc 2d 60.]

■    In the Matter of MICHAEL X. HURLEY, Appellant, v BENJAMIN J. WARD, as Commissioner of the Department of Correctional Services, et al., Respondents.—Judgment unanimously reversed, with costs, and petition reinstated and granted in accordance with the following memorandum: Petitioner appeals from a judgment dismissing his article 78 proceeding in which he seeks to expunge from the record disciplinary proceedings brought against him by respondents in September and October, 1976. At the superintendent's hearing petitioner was granted immunity and was advised that any statement made by him could not be used against him in a criminal proceeding. His contentions that he was not advised of his right to remain silent and was denied procedural due process in that he was not advised of his right to present his own evidence and witnesses are without merit. Other procedural rights, however, afforded to prisoners in this State (see *Matter of Amato v Ward,* 41 NY2d 469; 7 NYCRR 253) were not accorded to him. An inmate has the right to choose an employee to assist him in the proceeding, and the latter must present to the hearing officer documentary evidence and statements of witnesses gathered by him (7 NYCRR 253.3). At least one employee with direct knowledge of the incident must be interviewed by the hearing officer (7 NYCRR 253.4 [c]). A written statement of the fact-finder as to the evidence relied upon and the reasons for the disciplinary action taken must be supplied to the inmate (7 NYCRR 253.4 [i]; *Wolff v McDonnell,* 418 US 539, 563). Moreover, the hearing must be recorded (7 NYCRR 253.4 [b]). The record does not show that any of the above requirements was observed in petitioner's behalf. Although an attempt was made to tape record the hearing, it was so inadequately done that the hearing cannot be properly reviewed. Thus, petitioner's rights were violated (*Matter of Amato v Ward,* 41 NY2d 469, 472–473, *supra; Matter of McQueen v Vincent,* 53 AD2d 630; *Matter of Salinas v Henderson,* 40 AD2d 939). The judgment should, therefore, be reversed, the petition reinstated and granted, and the disciplinary proceedings against petitioner expunged from his record. (Appeal from judgment of Cayuga Supreme Court—article 78.) Present—Marsh, P. J., Moule, Simons, Dillon and Witmer, JJ.