OPINION OF THE COURT
James D. Benson, J.
In this proceeding pursuant to CPLR article 78, the petitioner seeks to vacate the decision made in a superintendent’s proceeding on November 10, 1982 and for the expungement of the disciplinary action taken against the petitioner.
Petitioner asserts that the determination was improper in that:
(1) Respondents violated their own rules and regulations and petitioner’s right to due process of law by not completing the superintendent’s proceeding within seven days of petitioner being keeplocked or confined in the special housing unit.
(2) Respondents violated their own rules and regulations and petitioner’s right to due process of law by failing to advise him of the evidence against him.
(3) Respondents violated their own rules and regulations and petitioner’s right to due process of law by not allowing him an opportunity to comment on the evidence prior to the charges being affirmed.
*699 (4) Respondents violated their own rules and regulations and petitioner’s right to due process of law by the failure of the hearing officer to act fairly and impartially.
(5) Respondents violated their own rules and regulations and petitioner’s right to due process of law by preparing an inadequate statement of reasons for the disposition.
(6) Respondents violated their own rules and regulations by failing to completely record the testimony of Sergeant Cheers.
(7) Respondents violated their own rules and regulations and petitioner’s right to due process of law by interviewing petitioner’s witnesses outside of his presence and by failing to inform him of the substance of their testimony.
The respondents, by their answer, deny petitioner’s allegations and contend the superintendent’s proceeding was conducted in full conformity with the applicable rules and regulations.
The court has reviewed the transcript of the proceeding and notes it is fragmentary. Key testimony by the petitioner, hearing officer, and exculpatory witnesses is lacking. The failure to provide a complete record is a direct violation of the provisions set forth in 7 NYCRR 253.4 (b). (See, also, Matter of Crudo v Fogg, 69 AD2d 902; Matter of Hurley v Ward, 61 AD2d 881.)
The transcript does disclose, however, noncompliance with 7 NYCRR 253.4 (e) as the hearing officer made his determination without first advising the petitioner of the particular evidence against him and allowing him the opportunity to comment on the same before rendering his decision. When the proceeding was reconvened on November 10, 1982, the hearing officer concluded petitioner was guilty of the assault charge "after interviewing Sgt. Cheers * * * interviewing Officer Cross, interviewing inmates, Miner, Allen and Stubbs.” This bald assertion without particularization does not conform to the mandates of 7 NYCRR 253.4 (e) and renders the proceeding improper. (Matter of Kincaide v Coughlin, 86 AD2d 893.)
A finding in favor of the petitioner as to the foregoing renders academic and moot the remaining questions raised in the petition.
*700 Therefore, the petition is granted, to the extent that the superintendent’s decision on November 10, 1982 is vacated. Respondents are directed to expunge from the petitioner’s files and records all references to the superintendent’s proceeding and the resulting disposition, to restore the petitioner to the status he enjoyed prior to the disciplinary incident in question.