■ In the Matter of RODNEY COOPER, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [726 NYS2d 598] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner challenges a determination finding him guilty of creating a disturbance, interfering with an employee, harassment and refusing a direct order. The misbehavior report relates that while being interviewed by a counselor regarding an objection of completing his quarterly review, petitioner became

loud and argumentative. Despite the counselor's directive to stop yelling and remain in the room, petitioner continued to be belligerent and left.

Contrary to petitioner's assertion, we find that the Hearing Officer conducted a fair and impartial hearing. We reject petitioner's assertion that he was denied relevant documentary evidence inasmuch as he failed to request the material until after the Hearing Officer rendered his disposition (*see, Matter of Infante v Johnson*, 258 AD2d 799). A review of the Hearing Officer's comments challenged by petitioner fail to support his allegation of bias. The record fails to establish that the outcome of the hearing flowed from the alleged bias and not from the substantial evidence of petitioner's guilt (*see, Matter of Steward v Selsky*, 266 AD2d 605, 606).

To the extent petitioner claims that he was denied the right to present a witness who would present mitigating evidence which would lessen the penalty imposed, we note that petitioner failed to request such witness during the hearing (*see, Matter of Hodge v Goord*, 280 AD2d 767).

Cardona, P. J., Crew III, Spain, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.