■ In the Matter of LARRY PORTER, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [776 NYS2d 355]—

Crew III, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Following a tier III disciplinary hearing, petitioner, a prison

inmate, was found guilty of violating the prison rules prohibiting violent conduct, assaults upon prison staff, interference with prison employees, refusing direct orders and property damage. The charges stemmed from an incident wherein petitioner, while in the process of being escorted from his cell, kicked one of the officers in the knee. Despite numerous orders to cease resisting, petitioner continued to struggle, ultimately breaking his handcuffs, while trying to bite, punch and kick the officers attempting to restrain him. Upon administrative appeal, the finding of guilt was sustained and the penalty imposed was modified. Petitioner thereafter commenced this proceeding pursuant to CPLR article 78 seeking to annul the determination of respondent Commissioner of Correctional Services.

Based upon our review of the record as a whole, we are persuaded that the underlying misbehavior report, coupled with the testimony of the correction officers involved and the video surveillance tape, constitute substantial evidence of petitioner's guilt (*see Matter of Pope v Goord*, 307 AD2d 563 [2003]; *Matter of Rowe v Goord*, 300 AD2d 728 [2002]). We are similarly persuaded that petitioner failed to demonstrate that he was deprived of a fair and impartial hearing due to hearing officer bias. Simply stated, there is nothing in the record indicating that the determination of guilt flowed from anything other than the evidence adduced at the disciplinary hearing (*see Matter of Perkins v Goord*, 290 AD2d 700, 701 [2002]). Petitioner's remaining contentions, including his assertion that certain hearing extensions were improperly granted, have been examined and found to be lacking in merit.

Peters, Mugglin, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.