■ In the Matter of JAMES RYAN, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [784 NYS2d 254]—

Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Based on charges that he had falsely accused a correction officer of assaulting him, petitioner was found guilty after a tier III hearing of violating prison disciplinary rules prohibiting the making of false statements and engaging in actions that are detrimental to the order of a correctional facility. The determination was affirmed on administrative appeal, resulting in this CPLR article 78 proceeding.

We confirm. The misbehavior report, hearing testimony of the reporting officer and transcripts of telephone conversations between petitioner and his wife on the evening before the incident, in which petitioner specifically and unambiguously discussed staging the assault in order to secure a transfer to another facility, provide substantial evidence supporting the determination. We reject petitioner's assertion that the reporting officer's testimony somehow contradicted a previous investigation recommending that petitioner be placed in involuntary protective custody as a result of an assault by another inmate; as the Hearing Officer correctly surmised, the previous account, made without the benefit of the subsequently recorded telephone conversations, merely served to reinforce the substantial evidence in the record that the assault was not perpetrated by the correction officer who petitioner wrongly accused. Petitioner's claim that the misbehavior report was fabricated in retaliation for prior confrontations presented a credibility issue that the Hearing Officer was entitled to resolve against him (see Matter of Antonucci v David, 306 AD2d 654 [2003]; Matter of Govan v Bennett, 305 AD2d 843 [2003]).

We further reject petitioner's argument that the Hearing Officer erred by failing to play all of the recorded phone conversations that petitioner engaged in the night before the incident.

The record establishes that the misbehavior report was based only on those portions of the tape played at the hearing, wherein petitioner clearly explained his intentions to stage the assault and blame the correction officer. Moreover, petitioner provided no indication as to how playing the entire tape would assist his defense. Thus, as petitioner was not denied his right to reply to the evidence against him, we discern no error in the Hearing Officer's denial of petitioner's request (cf. *Matter of Marquez v Mann*, 192 AD2d 100, 103-104 [1993]). Petitioner has also waived any claim that the Hearing Officer, after informing petitioner that one of his inmate witnesses refused to testify, was required to conduct a further inquiry. Having failed to make a clear and timely objection at the hearing, he is precluded from raising the issue before this Court (*see Matter of Perez v Goord*, 300 AD2d 956, 957-958 [2002]; *Matter of Hidalgo v Senkowski*, 283 AD2d 839, 840 [2001]). We have considered petitioner's remaining contentions and find them to be unavailing.

Crew III, J.P., Peters, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.