■ In the Matter of Isaiah Brown, Petitioner, v Raymond J. Cunningham, as Superintendent of Woodbourne Correctional Facility, Respondent. [793 NYS2d 299]—

Mugglin, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with refusing a direct order, making a false statement and being out of place in violation of prison disciplinary rules. Following a tier II disciplinary hearing, petitioner was found guilty of all charges, which determination was upheld on administrative appeal. This CPLR article 78 proceeding ensued.*

As substantial evidence in the form of the misbehavior report and the testimony of the reporting correction officer supports the determination of petitioner's guilt, we confirm (see Matter of Green v Ricks, 304 AD2d 1010, 1011 [2003], lv denied 100 NY2d 509 [2003], cert denied 540 US 1166 [2004]; Matter of Borcsok v Selsky, 296 AD2d 678, 678 [2002], lv denied 98 NY2d 616 [2002]). This evidence establishes that petitioner, upon leaving the prison commissary after making a purchase, lied to a correction officer about the location of his cellblock and improperly exited the commissary without waiting for the designated time to do so.

The misbehavior report placed the time of the violations at 10:40 A.M. When the Hearing Officer became aware that petitioner was basing a misidentification defense on his commissary receipt, time-stamped at 10:55 A.M., he called the correction officer who authored the misbehavior report to the hearing room, where the latter made a positive identification of petitioner. Moreover, the Hearing Officer fully explored this issue by permitting petitioner to question the two commissary cashiers, who established that the computer-generated times printed on sales receipts can be as much as 10 to 15 minutes off. To the extent that this discrepancy raised credibility issues, they were properly resolved by the Hearing Officer (see Matter of Walton v Goord, 290 AD2d 764, 764 [2002]).

We further conclude that petitioner was not prejudiced by the Hearing Officer's initial off-the-record telephone conversation with one of the commissary cashiers regarding the accuracy of the commissary clocks, inasmuch as the Hearing Officer conducted the conversation in petitioner's presence, informed petitioner of its nature and subsequently called that cashier to testify on the subject (see Matter of Collucci v Goord, 305 AD2d 825, 825 [2003]).

---

* While this proceeding was pending, respondent dismissed a separate misbehavior report concerning the same incident, charging petitioner with possession of an authorized item in an unauthorized place.

Turning to petitioner's claims of hearing officer bias and due process violations, we find that the Hearing Officer acted in a fair and impartial manner, fully honored petitioner's due process rights to present a defense and based his determination only on the substantial evidence of petitioner's guilt (*see Matter of Porter v Goord*, 7 AD3d 847, 848 [2004]; *Matter of Perkins v Goord*, 290 AD2d 700, 701 [2002]).

We have considered petitioner's remaining points of contention, including his challenge to the denial of his unspecified, unsubstantiated request for any and all documents that may be extant and relevant to his attack on the reporting officer's credibility, and conclude that none of them has merit.

Cardona, P.J., Crew III, Spain and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.