█ In the Matter of ANDRE BOYD, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [795 NYS2d 415]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent Commissioner

---

of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner commenced this CPLR article 78 proceeding challenging a determination finding him guilty of violating the prison disciplinary rules that prohibit assault on staff, violent conduct, refusing a direct order and interference with an employee. According to the misbehavior report, correctional facility employees interrupted a visit between petitioner and his son after observing suspicious activity. Petitioner became combative, demanding to know where his son was being taken, and refused orders to proceed to another room. Petitioner then advanced toward S. Wenderlich, a captain at the correctional facility, pushing him backward and poking him in the chest, whereupon petitioner was forced to the floor and handcuffed.

Having pleaded guilty to refusing a direct order, petitioner's challenge to this finding is precluded. As to the balance of the determination, we are unpersuaded by petitioner's contention that it is not supported by substantial evidence. The misbehavior report, unusual incident report, use of force report and testimony at the hearing provide substantial evidence to support the determination of guilt (*see Matter of Rowe v Goord*, 300 AD2d 728, 729 [2002]; *Matter of Montgomery v Goord*, 297 AD2d 870, 871 [2002]). The conflicting testimony from petitioner and his witnesses that petitioner never touched Wenderlich created a credibility issue for the Hearing Officer to resolve (*see Matter of Marcial v Goord*, 2 AD3d 1243, 1244 [2003]).

Furthermore, petitioner's contention that he was denied a fair and impartial hearing is also without merit. A review of the hearing establishes that the outcome of the hearing flowed from the substantial evidence in the record and not from any alleged conspiracy or bias on the part of the Hearing Officer (*see Matter of Perkins v Goord*, 290 AD2d 700, 701 [2002]; *Matter of Cooper v Goord*, 284 AD2d 844, 845 [2001]). Petitioner's remaining contentions, having not been raised at the administrative hearing, are not preserved for our review (*see Matter of Cameron v Goord*, 10 AD3d 795, 796 [2004]).

Crew III, J.P., Peters, Spain, Carpinello and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.