In the Matter of Louis SEYMOUR, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [804 NYS2d 498]—

Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Following a lengthy tier III disciplinary hearing, petitioner was found guilty of assaulting a fellow inmate and making false or misleading statements to a correction officer in violation of prison disciplinary rules prohibiting such conduct. Upon administrative review, respondent reduced the penalty imposed but upheld the finding of guilt. Petitioner thereafter commenced this proceeding pursuant to CPLR article 78 challenging the determination.

Petitioner contends that he was denied his right to receive relevant documentary evidence in that he was provided with a substantially redacted copy of the unusual incident report and he was prejudiced by the failure of his employee assistant to request a less redacted copy. The record contains a more

* The most recent C-11 contained in the record is dated March 20, 1998.

complete copy of the unusual incident report which does not include any information exonerating petitioner of his guilt nor does it support his defense theory (*see Matter of Hodges v Murphy*, 246 AD2d 701, 701-702 [1998]). Moreover, inasmuch as the Hearing Officer did not rely on the unusual incident report in reaching his determination, we find that any error was harmless (*see Matter of Cody v Goord*, 17 AD3d 943, 944 [2005]; *Matter of Moore v Goord*, 255 AD2d 640, 641 [1998], *lv denied* 93 NY2d 802 [1999]).

Petitioner also contends that he was denied his right to call several witnesses (*see* 7 NYCRR 254.5). The record indicates that the requested witnesses were either irrelevant to the issue of petitioner's guilt or redundant to the testimony of previous witnesses. Accordingly, the Hearing Officer's denials were appropriate (*see Matter of Perez v Goord*, 6 AD3d 774, 775 [2004]; *Matter of Melendez v Goord*, 288 AD2d 791, 792 [2001]). With regard to petitioner's argument that the efforts to secure the victim's testimony were inadequate, we note that the victim, who had never agreed to testify, signed a witness refusal form— which was incorporated into the hearing record—stating that his reason for refusing to testify was that he had "nothing to say" about the incident (*see Matter of Cody v Goord, supra* at 945; *see also Matter of Hill v Selsky*, 19 AD3d 64, 66 [2005]). Moreover, petitioner made no objection during the hearing to the sufficiency of the efforts made and, thus, he is precluded from raising the issue before this Court (*see Matter of Ryan v Goord*, 12 AD3d 799, 800 [2004]; *Matter of Perez v Goord*, 300 AD2d 956, 957 [2002]).

Contrary to petitioner's contentions, the record does not indicate that the determination of guilt flowed from any alleged hearing officer bias; rather, the determination was based upon substantial evidence adduced at the hearing, including the misbehavior report and the testimony of the reporting officer as well as the testimony of other correction officials on duty at the time of the incident (*see Matter of Brown v Cunningham*, 17 AD3d 886, 888 [2005], *lv denied* 5 NY3d 705 [2005]; *Matter of Porter v Goord*, 7 AD3d 847, 848 [2004]). Additionally, the Hearing Officer properly relied upon the information provided by several confidential sources (*see Matter of Berry v Portuondo*, 6 AD3d 848, 849 [2004]). Petitioner's remaining contentions have been considered and determined to be without merit.

Cardona, P.J., Crew III, Peters and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.