■ In the Matter of ISHMIEL DRUMGOOLE, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [807 NYS2d 426]—

Crew III, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was charged in a misbehavior report with assaulting a staff member, engaging in violent conduct and disobeying a direct order. The charges stemmed from an incident wherein petitioner allegedly struck a correction officer as the officer attempted to disconnect a call button

in petitioner's hospital room. A tier III disciplinary hearing ensued, at the conclusion of which petitioner was found guilty of all charges. Following an unsuccessful administrative appeal, petitioner commenced this proceeding pursuant to CPLR article 78 seeking to annul the determination of guilt.

Initially, the record as a whole provides substantial evidence of petitioner's guilt. Although petitioner devotes a substantial portion of his brief to highlighting and arguing the perceived significance of certain inconsistencies in the testimony of various witnesses, any conflict in this regard ultimately distilled to a credibility issue for the Hearing Officer to resolve (*see Matter of Quinney v Selsky*, 18 AD3d 1082, 1083 [2005]).

Nor are we persuaded that petitioner was denied the right to call certain witnesses. On this point, the record reflects that either such witnesses were not present during the incident in question or their testimony would have been redundant to that offered by other witnesses on the same disputed issue namely, the condition of petitioner's hands following the underlying assault (*see Matter of Miller v Costello*, 304 AD2d 916, 917 [2003]). Additionally, the record demonstrates that whatever shortcomings may have existed in the employee assistance offered petitioner were remedied by the Hearing Officer (*see generally Matter of Cayenne v Goord*, 16 AD3d 782, 783 [2005]). Finally, we find nothing in the record to substantiate petitioner's claim that he was denied a fair and impartial hearing or that the underlying determination flowed from any alleged Hearing Officer bias (*see id.* at 783). Petitioner's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Carpinello, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.