In the Matter of FRANCISCO FERNANDEZ, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [809 NYS2d 685]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Acting upon information that a weapon might be in the cell that petitioner occupied with another inmate, correction officers searched it and recovered a sharpened plastic object concealed in petitioner's mattress. As petitioner exited the cell, he attempted to strike one of the officers with a clenched fist. As a result, petitioner was charged in a misbehavior report with assault and possessing a weapon. He was found guilty of both charges following a tier III disciplinary hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We turn first to petitioner's contention that substantial evidence does not support that part of the determination finding him guilty of possessing a weapon. Respondent concedes that the evidence is insufficient to support the charge of weapon possession based upon the brief period of time that petitioner was in control of his cell and, upon reviewing the record, we agree. Accordingly, that part of the determination must be reversed and all references thereto expunged from petitioner's institutional record. Moreover, inasmuch as a loss of good time was imposed, the matter must be remitted to respondent for a redetermination of the penalty with respect to the remaining charge (*see Matter of Hernandez v Selsky*, 306 AD2d 595, 596-597 [2003], *lv denied* 100 NY2d 514 [2003]). Petitioner's challenge

to the veracity of the confidential information considered by the hearing officer pertains to the weapons charge and need not be addressed.

Petitioner's remaining contentions concern procedural matters. While he asserts that he was not provided adequate employee assistance, the record discloses that the assistant provided him with most of the documents requested, with the exception of those that were either unavailable or confidential, and that he also interviewed potential witnesses. Under these circumstances, petitioner was afforded meaningful assistance (*see Matter of Antinuche v Goord*, 16 AD3d 743, 744 [2005]). Furthermore, we find no merit to petitioner's assertions that the hearing officer was biased (*see Matter of Quezada v Goord*, 19 AD3d 964, 965 [2005]) and improperly denied him the right to call witnesses who refused to testify, or whose testimony would have been redundant in any event (*see Matter of Jackson v Smith*, 13 AD3d 685, 686 [2004], *lv denied* 4 NY3d 707 [2005]).

Mercure, J.P., Peters, Carpinello, Mugglin and Kane, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of possessing a weapon and as imposed a penalty and recommended a loss of good time; petition granted to that extent, respondent is directed to expunge all references thereto from petitioner's institutional record and matter remitted to respondent for an administrative redetermination of the penalty imposed on the remaining violation; and, as so modified, confirmed.