■ In the Matter of JEFFREY CANZATER-SMITH, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [813 NYS2d 254]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in three misbehavior reports with violating various prison disciplinary rules arising out of three separate, albeit related, incidents. The first misbehavior report charged petitioner with violent conduct, assault on staff, refusing a direct order and interference with an employee. According to the misbehavior report, petitioner asked the correction officer standing outside the sergeant's office to speak to the sergeant. The correction officer denied petitioner's request, petitioner refused the correction officer's direct orders to leave the area and began yelling profanities. When the correction officer told petitioner to place his hands on the wall and stepped toward petitioner, petitioner struck the correction officer in the face with a bag. The correction officer then used force to take petitioner to the floor, where petitioner continued to struggle until he was placed in handcuffs. The remaining two misbehavior reports, charging petitioner with engaging in violent conduct, failing to comply with frisk procedures and two incidents of disobeying a direct order, were issued due to petitioner's continued uncooperative behavior while being transported to the infirmary and ultimate admission to the special housing unit. Following a tier III disciplinary hearing, petitioner was found guilty of all charges and the determination was upheld on administrative appeal. This CPLR article 78 proceeding ensued.

Initially, respondent concedes, and our review of the record confirms, that the hearing officer failed to set forth the evidence relied upon in finding petitioner guilty of the charges contained in the second and third misbehavior reports as required (*see* 7 NYCRR 254.7 [a] [5]; *see also Wolff v McDonnell*, 418 US 539, 563-564 [1974]; *Matter of McQueen v Vincent*, 53 AD2d 630, 631 [1976]). The determination with respect to those charges must therefore be annulled. Although petitioner already has served

the penalty imposed, the matter must be remitted to respondent inasmuch as there was a recommended loss of good time.

As for the remaining charges, we find that the misbehavior report, the supporting documentation and corroborating testimony at the hearing, including petitioner's own testimony, provide substantial evidence to support the determination of guilt (*see Matter of Boyd v Goord,* 18 AD3d 1078, 1079 [2005]; *Matter of Porter v Goord,* 7 AD3d 847, 848 [2004]). We reject petitioner's contention that there was no evidence that he intended to assault the correction officer because intent is not an element of the charged misconduct (*see generally Matter of Dagnone v Goord,* 297 AD2d 869, 869 [2002], *lv denied* 99 NY2d 503 [2002]).

Likewise, the record fails to support petitioner's contention that he was denied a fair and impartial hearing due to hearing officer bias. Although petitioner and his witnesses presented a contrary version of the events, this created a credibility issue for the hearing officer to resolve (*see Matter of Drumgoole v Selsky,* 24 AD3d 1047, 1048 [2005]; *Matter of Brodie v Goord,* 304 AD2d 924, 924 [2003]) and the fact that the hearing officer resolved this issue against petitioner is not indicative of bias (*see Matter of Moolenaar v Goord,* 266 AD2d 625, 626 [1999], *appeal dismissed* 94 NY2d 900 [2000]). To that end, a review of the record establishes that the determination of guilt flowed from the substantial evidence in the record and not from any alleged bias or predetermination on the part of the hearing officer (*see Matter of Lunney v Goord,* 24 AD3d 1135, 1136 [2005]). Petitioner's remaining contentions, to the extent that they are preserved, have been reviewed and found to be without merit.

Mercure, J.P., Spain, Carpinello, Rose and Lahtinen, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of engaging in violent conduct, failing to comply with frisk procedures and two incidents of disobeying a direct order in connection with the second and third misbehavior reports and as imposed a penalty and recommended a loss of good time; petition granted to that extent, respondent is directed to expunge all references thereto from petitioner's institutional record and matter remitted to respondent for an administrative redetermination of the penalty imposed on the remaining violations and recommended loss of good time; and, as so modified, confirmed.