■ In the Matter of KEYAN R. PRICE, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [814 NYS2d 409]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

During a fight with another inmate in the main yard, petitioner was observed making slashing motions toward the other inmate's head and upper torso area. Petitioner and the inmate heeded a correction officer's order to stop fighting and laid on the ground. After the fight, a scalpel-type weapon in a black sheath was recovered in an area nearby. As a result of this incident, petitioner was charged in a misbehavior report with assaulting an inmate, fighting, engaging in violent conduct,

disturbing the order of the facility and possessing a weapon. He was found guilty of all charges following a tier III disciplinary hearing and the determination was upheld on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. Initially, petitioner's plea of guilty to fighting, engaging in violent conduct and disturbing the order of the facility precludes him from challenging that part of the determination finding him guilty of these charges (*see Matter of Boyd v Goord*, 18 AD3d 1078, 1079 [2005]). As for the remaining charges, the misbehavior report, together with the unusual incident report and testimony of officers present at the scene, constitute substantial evidence supporting the determination of guilt (*see id.*, at 1079). Notwithstanding petitioner's claim that the weapon recovered did not belong to him, there was eyewitness testimony that petitioner was holding the weapon during the attack, thus presenting a credibility issue for the hearing officer to resolve (*see Matter of Cummings v Goord*, 10 AD3d 748, 749 [2004]). Furthermore, while petitioner asserts that he was improperly denied the right to call an inmate witness because the hearing officer did not make an adequate inquiry concerning the inmate's refusal to testify, petitioner did not raise an objection to the legitimacy of the refusal at the hearing and, therefore, may not challenge it now (*see Matter of Ryan v Goord*, 12 AD3d 799, 800 [2004]).

Spain, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.