THIRD DEPARTMENT, OCTOBER, 2006

(October 5, 2006)

■ In the Matter of INJAH TAFARI, Appellant, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [821 NYS2d 679]—

Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered December 2, 2005 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, an inmate, was charged in a misbehavior report with violating the prison disciplinary rule that prohibits making threats after he refused to be examined by a facility doctor and warned the doctor that his fellow gang members would "take

care of" him. Following a tier III disciplinary hearing, petitioner was found guilty of the charge and a penalty was imposed. The determination was affirmed on administrative appeal, and this CPLR article 78 proceeding ensued. Supreme Court dismissed the petition and petitioner now appeals.

We affirm. Initially, we reject petitioner's challenge to the sufficiency of the misbehavior report, which complied with the relevant regulatory requirements and adequately notified petitioner of the location of the incident—a fact which he acknowledged at the hearing (*see Matter of Modlenaar v Goord*, 21 AD3d 1190, 1191 [2005]). We likewise find no merit to petitioner's claim that he was improperly denied the right to call an inmate witness, who was not present during the incident and had no firsthand knowledge of the events that had transpired (*see Matter of Toney v Goord*, 26 AD3d 613, 614 [2006]). In addition, petitioner's claim of hearing officer bias is belied by the record, which demonstrates that petitioner received a fair and impartial hearing in which he was provided with a full opportunity to present a defense (*see Matter of Davis v Goord*, 21 AD3d 606, 608-609 [2005]). Petitioner's remaining contentions, including that the misbehavior report was retaliatory in nature and the Hearing Officer failed to assess his mental health, are either unpreserved or lacking in merit.

Mercure, J.P., Peters, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.