■ In the Matter of DERRICK FONTAINE, Petitioner, v SUPERINTENDENT OF SOUTHPORT CORRECTIONAL FACILITY, Respondent. [825 NYS2d 595]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

As a result of three misbehavior reports alleging that petitioner started three separate fires in his cell within a short time period, he was charged with violating various prison disciplinary rules prohibiting, among other things, arson and destruction of state property. Following a tier III rehearing, petitioner was found guilty of all but one charge, and the penalty included, among other things, confinement to the special housing unit for a period of one year. Petitioner's administrative appeal was unavailing. Thereafter, he commenced a habeas corpus proceeding which Supreme Court denied, converted to the subject CPLR article 78 proceeding, and later transferred to this Court pursuant to CPLR 7804 (g).

Initially, we conclude that the hearing testimony and the

misbehavior reports provide substantial evidence to support the determination of guilt (*see Matter of Kalwasinski v Goord*, 31 AD3d 1081, 1082 [2006]; *Matter of Scott v Goord*, 268 AD2d 631, 632 [2000]). Although petitioner denied starting the fires and alleges that the misbehavior reports were written to cover up an attempt on his life, that created a credibility issue for the Hearing Officer to resolve (*see Matter of Kalwasinski v Goord*, *supra* at 1082). In any event, the area supervisor who endorsed the misbehavior reports testified that petitioner apparently started the fires in an effort to be moved to a new location and indicated that petitioner admitted to starting at least two of the fires. Furthermore, the correction officer who authored the misbehavior reports testified to the accuracy of the allegations in the reports and the surrounding circumstances.

Next, contrary to petitioner's argument, the record reflects that his employee assistant provided him with adequate assistance and there is no evidence that petitioner was prejudiced in any way (*see Matter of Fernandez v Goord*, 27 AD3d 806, 807 [2006]; *Matter of Antinuche v Goord*, 16 AD3d 743, 744 [2005]). In addition, petitioner's claim that he was improperly denied the right to call certain employees as witnesses is without merit inasmuch as the witnesses lacked personal knowledge of the incidents (*see Matter of Tafari v Selsky*, 33 AD3d 1029 [2006], *lv denied* 7 NY3d 717 [2006]; *Matter of Barclay v New York State Dept. of Correctional Servs.*, 13 AD3d 743, 744 [2004], *lv denied* 4 NY3d 705 [2005]). With respect to the three inmate witnesses who refused to testify, petitioner specifically declined the testimony of the first. As for the other inmates, who had both transferred to different facilities and would not give reasons for their refusals to testify, the record indicates that a sufficient inquiry by the Hearing Officer through a correction officer was made with respect to one of the inmates (*see Matter of Hill v Selsky*, 19 AD3d 64, 66-67 [2005]) and, with respect to the remaining inmate, petitioner did not raise a clear objection to the legitimacy of the refusal that would have preserved the issue (*see Matter of Price v Goord*, 29 AD3d 1203, 1204 [2006]; *Matter of Seymour v Goord*, 24 AD3d 831, 832 [2005], *lv denied* 6 NY3d 711 [2006]; *Matter of Ryan v Goord*, 12 AD3d 799 [2004]).

We also do not agree that petitioner's removal from the final phase of the hearing for being disruptive constituted error (*see Matter of Crosby v Selsky*, 26 AD3d 571, 572 [2006]; *Matter of Encarnacion v Goord*, 17 AD3d 749, 750 [2005], *lv denied* 5 NY3d 705 [2005]) and the record does not support his claim of hearing officer bias.

Petitioner's remaining contentions have been reviewed and found to be unpersuasive.

Cardona, P.J., Mercure, Crew III, Peters and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.