■ In the Matter of DWAYNE PULLIAM, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [844 NYS2d 915]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Following a tier III disciplinary hearing, petitioner was found guilty of possession of contraband and possession of unauthorized organizational materials. On administrative appeal, the determination was affirmed with a modified penalty. This CPLR article 78 proceeding ensued and we now confirm.

The determination of guilt is supported by substantial evidence consisting of the misbehavior report and testimony adduced at the hearing (*see Matter of Fontaine v Superintendent of Southport Correctional Facility*, 35 AD3d 1113, 1113-1114 [2006], *appeal dismissed* 8 NY3d 943 [2007]). Petitioner's claim that the correction officers planted some of the items found in his cell, along with his retaliation defense, created credibility issues for resolution by the Hearing Officer (*see Matter of Hamilton v Selsky*, 13 AD3d 844, 845 [2004], *lv denied* 5 NY3d 704 [2005]). Contrary to petitioner's assertion, the record demonstrates that the hearing was conducted in a fair and impartial manner and that the determination did not flow from any alleged bias (*see Matter of Dolan v Goord*, 41 AD3d 1119, 1119 [2007]). Petitioner's remaining contentions, including his claims that the cell search was not appropriately memorialized, the Hearing Officer should have recused himself and the hear-

ing transcript is deficient, have been examined and found to be unavailing.

Mercure, J.P., Peters, Carpinello, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.