In the Matter of Troy Saunders, Petitioner, v Glenn S. Goord, as Commissioner of Correctional Services, Respondent. [853 NYS2d 418]—

Petitioner was charged in two misbehavior reports with lewd conduct, smuggling, providing false statements, refusing a direct order, damaging state property and providing unauthorized legal assistance. The charges stemmed from petitioner exposing himself to a facility nurse during a sick call and the statements made by and items confiscated from petitioner during the cell search that ensued. Following a tier III disciplinary hearing, petitioner was found guilty of all charges and a penalty of 120 days in the special housing unit with a corresponding loss of privileges was imposed. Petitioner's administrative appeal proved unsuccessful, prompting him to commence this proceeding pursuant to CPLR article 78, subsequently transferred to this Court, to challenge respondent's determination.

Preliminarily, respondent concedes and the record reveals that there is insufficient evidence to support the charges of smuggling and providing unauthorized legal assistance and, accordingly, the determination is modified to that extent. Inasmuch as the administrative penalty has been served and there was no recommended loss of good time, there is no need to remit this matter for a redetermination of the penalty (*see Matter of Wan Zhang v Murphy*, 1 AD3d 784 [2003]).

Turning to the charge of lewd conduct, the misbehavior report, authored by the nurse who witnessed the incident, is sufficient to support the finding of guilt (*see Matter of Foster v Coughlin*, 76 NY2d 964, 966 [1990]), and petitioner's denial of the underlying conduct presented a credibility issue for the Hearing Officer to resolve (*see Matter of Callender v Selsky*, 9 AD3d 703 [2004]). Further, the misbehavior report charging petitioner with damaging state property, providing false statements and refusing a direct order, authored by the correction officer who issued the direct order and thereafter searched petitioner's cell, contained sufficient detail to both apprise petitioner of the charges against him and sustain respondent's determination.

Petitioner's remaining contentions, including his assertions that he was denied the opportunity to call relevant witnesses and that the Hearing Officer was biased, have been examined and found to be lacking in merit.

Cardona, P.J., Peters, Lahtinen, Kane and Malone Jr., JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of smuggling and providing unauthorized legal assistance; petition granted to that extent and respondent is directed to expunge all references thereto from petitioner's institutional record; and, as so modified, confirmed.