■ In the Matter of OSMOND K. BROWN, Petitioner, v JUSTIN TAYLOR, as Superintendent of Governeur Correctional Facility, Respondent. [882 NYS2d 321]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in St. Lawrence County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with violent conduct, creating a disturbance, interference with an employee, refusing a direct order and making threats. Following a tier II disciplinary hearing, petitioner was found guilty of creating a disturbance and refusing a direct order.* After an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding.

We confirm. Initially, we find that the written misbehavior report, containing a specific account and authored by the correction officer involved in the incident, who corroborated the report through her testimony, provides substantial evidence to support the determination (*see Matter of Saunders v Goord*, 49

---

* There is a discrepancy within the written hearing disposition as to whether petitioner was found guilty of making threats. However, in this proceeding respondent indicates that petitioner was not found guilty of making threats.

AD3d 1000, 1000 [2008]; *Matter of Dolan v Goord*, 41 AD3d 1119, 1119 [2007]). To the extent that there was some testimony that tended to refute the correction officer's version of events, that raised an issue of credibility for the Hearing Officer to resolve (*see Matter of Igartua v Rivera*, 58 AD3d 1046, 1046 [2009]; *Matter of Hale v Selsky*, 57 AD3d 1136, 1137 [2008]). Likewise, we find no merit to petitioner's claim that he was improperly denied the right to call several civilian witnesses, inasmuch as they were not present during the incident and, in any case, their testimony would have been cumulative and redundant to evidence already produced at the hearing (*see Matter of Scott v Fischer*, 57 AD3d 1035, 1036 [2008]; *Matter of Tafari v Selsky*, 33 AD3d 1029, 1030 [2006], *lv denied* 7 NY3d 717 [2006]).

We have examined petitioner's remaining contentions, including that the Hearing Officer was not fair and impartial, and find them to be either unpreserved or unsupported by the record.

Mercure, J.P., Spain, Lahtinen, Kavanagh and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.