■ In the Matter of MARLON DILLARD, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [949 NYS2d 539]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was visiting with his fiancée in the visiting room when a correction officer observed her with her hand in his pants making a back and forth motion. Petitioner was removed from the area and searched, and the visit was terminated. Thereafter, petitioner was charged with various violations of prison rules and, following a tier III disciplinary hearing, he was found guilty of committing a sex offense and a facility visiting violation. On administrative appeal, respondent affirmed the determination. Petitioner then commenced this CPLR article 78 proceeding, which was transferred to this Court.*

We confirm. Petitioner's first contention, that the Hearing Officer was not properly designated to preside over his hearing, is contradicted by the evidence in the record. Petitioner's assertion that he was deprived of his right to call a witness at his hearing is similarly unavailing. Although given the opportunity to do so prior to the hearing, petitioner failed to request that

---

* Although this proceeding was improperly transferred as no issue of substantial evidence was presented in the petition, we will retain jurisdiction and address the merits in the interest of judicial economy (*see Matter of Lewis v Lape*, 90 AD3d 1259, 1259 n [2011], *lv denied* 18 NY3d 809 [2012]).

any witnesses testify at the hearing. Petitioner also failed to make any such request at the hearing and, in fact, affirmed that he was not requesting any witnesses. "Having failed to request any . . . witnesses, petitioner cannot now be heard to complain" (*Matter of Mastropietro v New York State Dept. of Corrections*, 52 AD3d 1125, 1126 [2008], *lv denied* 11 NY3d 711 [2008]; *see Matter of Cornwall v Fischer*, 74 AD3d 1507, 1509 [2010]; *Matter of Blackwell v Goord*, 5 AD3d 883, 885 [2004], *lv denied* 2 NY3d 708 [2004]).

Peters, P.J., Mercure, Lahtinen, Kavanagh and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.