■ In the Matter of JAMES LEWIS, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [955 NYS2d 457]—

The misbehavior report, together with the testimony of the commissary clerk who authored it, provide substantial evidence supporting the determination of guilt (see Matter of White v Fischer, 87 AD3d 1249, 1250 [2011]; Matter of Brown v Taylor, 62 AD3d 1230, 1230 [2009]). To the extent that petitioner's version of events differed from that set forth by the commissary clerk and raised a retaliation defense, such differences presented a credibility issue for the Hearing Officer to resolve (see Matter of White v Fischer, 87 AD3d at 1250; Matter of Coleman v Fischer, 87 AD3d 778, 779 [2011]; Matter of Brown v Taylor, 62 AD3d at 1231). With respect to the retaliation defense, the Hearing Officer denied petitioner's initial request to call one civilian and three inmate witnesses. However, after the author of the misbehavior report testified and denied that she threatened petitioner the day before, the Hearing Officer granted petitioner's subsequent request to call the civilian witness to challenge that testimony. Upon the conclusion of that testimony, the Hearing Officer asked petitioner if he had any more testimony to offer, to which he replied he did not. Having failed to request the testimony of the three inmate witnesses in response to the Hearing Officer's inquiry, petitioner cannot now complain (see Matter of Dillard v Fischer, 98 AD3d 761, 762 [2012]). Finally, petitioner's argument regarding the timeliness of the hearing is

not preserved for our review due to his failure to raise it during the hearing (*see Matter of Allison v Prack*, 95 AD3d 1569, 1570 [2012]; *Matter of Coleman v Fischer*, 87 AD3d at 779).

Lahtinen, J.P., Spain, Malone Jr., Garry and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.