Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating a prison disciplinary rule.
Petitioner was charged in a misbehavior report with using a controlled substance after a sample of his urine twice tested positive for the presence of THC. He was found guilty of the charge following a tier III disciplinary hearing. After the determination was affirmed on administrative appeal, petitioner commenced this CPLR article 78 proceeding.*
We confirm. Initially, we reject petitioner’s claim that the reason for taking petitioner’s urine specimen as stated on the request for urinalysis test form was not among the reasons enumerated in 7 NYCRR 1020.4 (a). The form stated that the request was based upon “suspicion” and there was testimony that this was due to a telephone call that petitioner’s wife made to the correctional facility after a recent visit inquiring if *1083 petitioner was in any trouble. Notably, 7 NYCRR 1020.4 (a) (1) provides that a test may be ordered “[w]hen correctional staff has reason to believe the inmate has used drugs or alcohol” and, given the concern that petitioner’s wife may have passed an illegal substance to petitioner during the visit, the test was clearly authorized. As for petitioner’s claim that his employee assistant was ineffective because he failed to provide petitioner with certain documents, any deficiencies in this regard were remedied by the Hearing Officer who provided such documents to petitioner at the hearing and petitioner has not demonstrated that he was prejudiced (see Matter of Guillory v Annucci, 125 AD3d 1024, 1025 [2015], lv denied 25 NY3d 905 [2015]; Matter of Acosta v Fischer, 98 AD3d 1170 [2012]). Moreover, given that petitioner did not request the Hearing Officer to call either his wife or the correction officer who obtained his urine specimen to testify at the hearing, we find no merit to his assertion that he was improperly denied the right to call them as witnesses (see Matter of Dillard v Fischer, 98 AD3d 761, 762 [2012]; Matter of Cooper v Goord, 284 AD2d 844, 845 [2001]). Petitioner’s remaining contentions have either not been preserved for our review or are unpersuasive.
McCarthy, J.P., Garry, Egan Jr. and Devine, JJ., concur.
Adjudged that the determination is confirmed, without costs, and petition dismissed.

 Although the petition does not raise an issue of substantial evidence and the proceeding was, therefore, improperly transferred, we retain jurisdiction and address the merits of petitioner’s claims in the interest of judicial economy (see Matter of Selah v LaValley, 117 AD3d 1261, 1261 n [2014]).