*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    September 22, 2016            522723
_____

In the Matter of JAMES R.
   MERCER JR.,
                        Petitioner,

        v
                                          MEMORANDUM AND JUDGMENT

DONALD VENETTOZZI, as Acting
   Director of Special Housing
   and Inmate Disciplinary
   Programs,
                        Respondent.
_____


Calendar Date:   August 8, 2016

Before:  Lynch, J.P., Rose, Devine, Mulvey and Aarons, JJ.

                        _____


        James R. Mercer Jr., Collins, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondent.

                        _____


        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of the Commissioner of Corrections and
Community Supervision finding petitioner guilty of violating a
prison disciplinary rule.

        Petitioner was ordered to submit a urine specimen for
testing, and it twice tested positive for the presence of
cannabinoids.  As a result, he was charged in a misbehavior
report with violating the disciplinary rule that prohibits the
use of any controlled substances.  Following a tier III
disciplinary hearing, petitioner was found guilty of using a
controlled substance, and that determination was affirmed upon

administrative appeal with modified penalties.  This CPLR article 78 proceeding ensued.[1]

We confirm.  Upon reviewing the record, we find no merit to petitioner's contention that he was improperly denied a witness. Petitioner did not request that any potential witnesses be interviewed prior to the hearing (see Matter of Letizia v Graham, 119 AD3d 1296, 1297 [2014], lv denied 24 NY3d 912 [2015]; Matter of Dillard v Fischer, 98 AD3d 761, 762 [2012]), and our review of the hearing transcript reveals that petitioner failed to make a request at the hearing for the testimony of the doctor from the facility where he received medical treatment (see Matter of Laliveres v Prack, 136 AD3d 1082, 1083 [2016]; Matter of Dillard v Fischer, 98 AD3d at 762; Matter of Hamilton v Prack, 95 AD3d 1512, 1513 [2012]).  Furthermore, at the conclusion of the hearing, petitioner indicated that he did not wish to request testimony from any other witnesses (see Matter of Lewis v Fischer, 101 AD3d 1317, 1317 [2012]; Matter of Carota v Goord, 285 AD2d 676, 677 [2001], lv denied 97 NY2d 603 [2001]).  We have considered petitioner's remaining arguments and find them to be lacking in merit.

Lynch, J.P., Rose, Devine, Mulvey and Aarons, JJ., concur.

---

[1]  While the verified petition does not appear to raise a question of substantial evidence thereby rendering the transfer of this proceeding improper, we nevertheless retain jurisdiction and address the merits in the interest of judicial economy (see Matter of Allen v Venettozzi, 139 AD3d 1208, 1208 n [2016]).

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

*Robert D Mayberger*

Robert D. Mayberger
Clerk of the Court