*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 10, 2016                 522432
_____

In the Matter of ANTHONY
   TORRES,
                    Respondent,

        v                                  MEMORANDUM AND ORDER

ANTHONY J. ANNUCCI, as Acting
   Commissioner of Corrections
   and Community Supervision,
                    Appellant.
_____


Calendar Date:  September 20, 2016

Before:  Peters, P.J., McCarthy, Garry, Egan Jr. and Rose, JJ.


                     _____


        Eric T. Schneiderman, Attorney General, Albany (Martin A.
Hotvet of counsel), for appellant.

        Anthony Torres, Stormville, respondent.


                     _____


        Appeal from a judgment of the Supreme Court (Ferreira, J.),
entered March 10, 2015 in Albany County, which granted
petitioner's application, in a proceeding pursuant to CPLR
article 78, to annul a determination of respondent finding
petitioner guilty of violating certain prison disciplinary rules.

        Petitioner was charged in a misbehavior report with
engaging in lewd conduct, refusing a direct order and harassment
of an employee.  Prior to the commencement of the hearing,
petitioner's employee assistant reported back to petitioner that
two inmate witnesses that petitioner requested refused to

testify.  Following the disciplinary hearing, petitioner was found guilty of all charges and that determination was affirmed upon administrative review.  Petitioner commenced this CPLR article 78 proceeding, claiming that the Hearing Officer made no meaningful effort to contact the two witnesses who refused to testify and did not provide him with witness refusal forms. Respondent answered and contended that petitioner failed to preserve the issue because he failed to raise it at the hearing. Supreme Court, finding that the issue was preserved because it was raised upon administrative appeal, ruled that petitioner was denied his constitutional right to call witnesses, granted the petition and annulled the determination.  Respondent appeals.

We reverse.  At the commencement of the hearing, the Hearing Officer reviewed the results of petitioner's employee assistance, including the fact that the two inmate witnesses refused to testify.  At no point during the hearing did petitioner request that the two inmates be interviewed or that the Hearing Officer ascertain the reason for their refusal to testify and made no objections with regard to any requested witnesses.  Under these circumstances, petitioner "acquiesced in the refusal of the [two] witnesses to testify [and, a]s a result, petitioner waived any objections as to how the Hearing Officer handled the situation by failing to mention the error at a time when it could have been corrected" (Matter of Crowley v O'Keefe, 148 AD2d 816, 817 [1989], appeal dismissed 74 NY2d 780 [1989], lv denied 74 NY2d 613 [1989]; see Matter of Henry v Fischer, 120 AD3d 868, 869 [2014], lv granted 24 NY3d 908 [2014]; Matter of Price v Goord, 29 AD3d 1203, 1204 [2006]; Matter of Ryan v Goord, 12 AD3d 799, 800 [2004]; Matter of Pabon v Goord, 6 AD3d 833, 834 [2004]; Matter of Graham v New York State Dept. of Correctional Servs., 178 AD2d 870, 870 [1991], lv denied 79 NY2d 756 [1992]). To the extent that petitioner's remaining contentions have been preserved for our review, we find no indication that the Hearing Officer was biased, that the hearing was conducted in an unfair manner or that the determination flowed from any alleged bias (see Matter of Lopez v Dept. of Corr. & Community Supervision,

142 AD3d 1238, 1240 [2016]; Matter of Ellison v Fischer, 63 AD3d 1382, 1383 [2009]).

　　　Peters, P.J., McCarthy, Garry, Egan Jr. and Rose, JJ., concur.

　　　ORDERED that the judgment is reversed, on the law, without costs, determination confirmed and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court