■ In the Matter of CHAD PROCTOR, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [736 NYS2d 499] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating the prison disciplinary rule prohibiting fighting. As related in the misbehavior report, petitioner was in the prison yard when he was observed initiating a fist fight with another inmate. Included in the evidence presented at the disciplinary hearing were the misbehavior report, the unusual incident report and the testimony of the reporting correction officer who positively identified petitioner as the inmate he had observed fighting. This was sufficient to constitute substantial evidence of petitioner's guilt (*see, Matter of Lunney v Selsky*, 275 AD2d 820; *Matter of Vicioso v Goord*, 266 AD2d 655). That petitioner and his inmate witnesses gave testimony to the contrary presented an issue of credibility for resolution by the Hearing Officer (*see, Matter of Gainey v Goord*, 278 AD2d 655; *Matter of Medina v Stinson*, 251 AD2d 935).

Petitioner's contention that his due process rights were violated when he was denied access to a surveillance videotape of the fight is belied by the information gathered by the Hearing Officer that there was no videotape of the charged misconduct (*see, Matter of Foust v Selsky*, 260 AD2d 805, *lv denied* 93 NY2d 816; *Matter of Faison v Goord*, 254 AD2d 658, *appeal dismissed, lv denied* 93 NY2d 827). Petitioner's remaining contentions, including his assertion of Hearing Officer bias, have been reviewed and found to be without merit.

Mercure, J.P., Crew III, Peters, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.