■ In the Matter of RAY TEBOUT, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [736 NYS2d 280] —Appeal from a judgment of the Supreme Court (Malone, Jr., J.), entered August 21, 2000 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner commenced this CPLR article 78 proceeding to challenge a tier III disciplinary determination finding him guilty of engaging in violent conduct, assaulting staff, refusing a direct order and refusing a frisk. Supreme Court rejected petitioner's claimed procedural errors and dismissed the petition. Petitioner appeals.

We affirm. Initially, we disagree with petitioner's assertion that he was improperly denied his request for the testimony of a certain inmate witness, as the record supports the Hearing Officer's determination that such testimony would have been redundant given the testimony of the other inmate witnesses (*see, Matter of Melendez v Goord*, 288 AD2d 791). We are likewise unpersuaded by petitioner's conclusory assertions that the videotape, which does not clearly show the incident, was altered or that portions were erased so as to discredit his version of events. We also reject petitioner's assertion that the Hearing Officer improperly considered his prior disciplinary history since it was petitioner who asked that his history be considered as evidence of his innocence. Moreover, the record is devoid of any indication that the Hearing Officer was biased or that the outcome of the hearing flowed from any such bias (*see, Matter of Harris v Goord*, 268 AD2d 933).

Petitioner's assertion that the disciplinary hearing transcript is incomplete is raised for the first time in his appellate brief and, thus, is not preserved for our review (*see, Matter of Britt v New York State Dept. of Corrections*, 283 AD2d 751). In any event, we are unpersuaded that any small gaps in the hearing transcript were so significant as to preclude meaningful review

of the proceeding (*see, Matter of Burgess v Goord*, 288 AD2d 734). Finally, we have examined petitioner's contention that his employee assistant was ineffective and find it to be without merit.

Cardona, P.J., Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.