■ In the Matter of BENJAMIN DELEON, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [738 NYS2d 704] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner contends that the hearsay misbehavior report and testimony of its author do not provide substantial evidence to support the determination finding petitioner guilty of assault and other misconduct arising out of the slashing of the throat of another inmate. We disagree. The author of the misbehavior report testified that during an investigation of the incident, the victim initially denied knowing the identity of his assailant, but after being reminded of how close to death he came as a result of the cut to his throat, the victim stated that petitioner was the assailant and he thereafter selected petitioner's photo from a photo array. The cut was inflicted by a razor-type weapon which was never found.

Upon judicial review of a prison disciplinary determination, it is not the hearsay nature of the evidence that is important but whether that evidence is sufficiently relevant and probative to constitute substantial evidence (*see, Matter of Foster v Coughlin,* 76 NY2d 964, 966). We reject petitioner's contention that the victim's initial reluctance to identify his assailant rendered the subsequent identification inherently unreliable. In cases where the inmate victim of an assault initially identifies the assailant and thereafter denies the earlier identification, a misbehavior report and/or testimony of the investigating correction officer regarding the initial identification has been found to constitute substantial evidence, with the victim's subsequent denial creating a question of credibility for the Hearing Officer (*see, id.; Matter of Rodriguez v Coombe,* 239 AD2d 854, *lv dismissed* 91 NY2d 907). We see no reason to reach a different result here.

Although the victim did not testify, there is no dispute that the assault and injury to the victim occurred, and the evidence demonstrates that the victim confirmed his identification of petitioner by selecting petitioner's photo from a photo array. Also relevant is the absence of any evidence of a motive for the victim to implicate petitioner falsely (*see, Matter of Foster v Coughlin, supra* at 966). Accordingly, we conclude that there was a sufficient basis in the record for the Hearing Officer's resolution of the credibility issue created by the victim's initial reluctance to identify his assailant. To the extent that petitioner claims that the victim's personal appearance to testify at the hearing was critical to the credibility issue, we note that petitioner could have requested him as a witness but failed to do so.

The record includes two internal memoranda regarding the incident which were not introduced at the hearing and which petitioner did not see until he requested the record to prepare

his petition herein. No prejudice accrued to petitioner, however, because the record also demonstrates that the Hearing Officer did not rely on those documents in determining petitioner's guilt; his determination was based solely on the misbehavior report and testimony of its author. To the extent that petitioner claims that he should have been provided the documents for his use at the hearing, we note that he failed to request any internal memoranda regarding the incident either through his employee assistant or at the hearing (*see, Matter of Howell v Goord*, 251 AD2d 910, 911, *appeal dismissed* 92 NY2d 939, *lv dismissed and denied* 92 NY2d 1043). There is no basis to disturb the determination and, therefore, it is confirmed.

Cardona, P.J., Mercure, Carpinello and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.