■ In the Matter of FRANCIS SUAZO, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [743 NYS2d 332] —Mercure, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

While incarcerated at Cape Vincent Correctional Facility in Jefferson County, petitioner and two other inmates allegedly chased and struck another inmate in the gymnasium. As a result, petitioner was charged in a misbehavior report with assault, fighting and creating a disturbance. Later that day, petitioner was found to be in possession of certain unauthorized items in his cell and was charged in a second misbehavior report with the unauthorized exchange of personally owned

items. At the ensuing tier III disciplinary hearing, petitioner pleaded guilty to the charge set forth in the second report and was also found guilty of assault and creating a disturbance, but not guilty of fighting.

Initially, we conclude that the misbehavior report and testimony adduced at the hearing provide substantial evidence supporting the determination of guilt (*see, Matter of Deleon v Goord*, 291 AD2d 607, 608; *Matter of Gioe v Selsky*, 269 AD2d 644, 645). The misbehavior report was authored by a correction officer who personally witnessed petitioner chase and hit the victim. In addition, the sergeant on duty testified that, during his investigation, the victim identified petitioner as one of the perpetrators. Although petitioner denied participating in the attack and the victim testified that petitioner was not one of the inmates who struck him, the conflict in the testimony merely presented a credibility issue for the Hearing Officer to resolve (*see, Matter of Deleon v Goord, supra* at 705; *Matter of Proctor v Goord*, 290 AD2d 801, 801). Contrary to petitioner's claim, petitioner's admission of guilt to one of the charges does not require that the Hearing Officer accord additional weight to his testimony.

Likewise, we reject petitioner's assertion of Hearing Officer bias as the record is devoid of evidence that the Hearing Officer was biased or that the outcome of the proceeding flowed from any alleged bias (*see, Matter of Tumminia v Senkowski*, 290 AD2d 902, 903; *Matter of Tebout v Goord*, 290 AD2d 833, 833). Petitioner's remaining claim regarding the validity of the search of his cell is not preserved for review and, in any event, is without merit.

Peters, Carpinello, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.