■ In the Matter of INJAH TAFARI, Appellant, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [832 NYS2d 311]—

Appeal from a judgment of the Supreme Court (Egan, Jr., J.), entered July 14, 2006 in Ulster County, which dismissed

petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

During a visit with a female visitor, petitioner became disruptive and demanded that he be let out of the special housing unit visiting room. After a correction officer directed him to calm down and have a seat, he became further infuriated and threw chairs at the windows, causing the glass to break and to injure other officers. Petitioner then kicked out the broken glass and threatened to kill those outside the room. When the door was eventually opened, he pushed his way out and struck a correction officer with a chair. As a result, petitioner was charged in a misbehavior report with assaulting staff, making threats, creating a disturbance, engaging in violent conduct, refusing a direct order and damaging state property. He was found guilty of the charges following a tier III disciplinary hearing and the determination was affirmed on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding challenging the determination. Following joinder of issue, Supreme Court dismissed the petition and this appeal ensue.

Upon reviewing the record, we find that petitioner's procedural challenges are without merit. Contrary to petitioner's claim, he was provided meaningful employee assistance insofar as he was given the requested documentation that existed (*see Matter of Crosby v Selsky*, 26 AD3d 571, 572 [2006]). Notably, at the hearing, the Hearing Officer gave petitioner an opportunity to review photographs and injury reports, which he did not request of his assistant. As far as his contention that his assistant failed to interview inmate witnesses present in the visiting room, petitioner withdrew this challenge at the hearing. In sum, petitioner has not established that his employee assistant was inadequate or that he was prejudiced by any alleged deficiencies (*see Matter of Claudio v Selsky*, 4 AD3d 702, 703 [2004]; *Matter of Russell v Selsky*, 305 AD2d 844, 844 [2003], *lv denied* 100 NY2d 510 [2003]). In addition, while petitioner asserts that he was denied the testimony of a mental health professional regarding his mental state, the Hearing Officer questioned this individual at length on this subject in camera. Petitioner's remaining contentions, to the extent they are properly before us, are unavailing.

Cardona, P.J., Peters, Spain, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.