■ In the Matter of INJAH TAFARI, Appellant, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [871 NYS2d 785]—

Appeal from a judgment of the Supreme Court (Egan Jr., J.), entered April 14, 2008 in Ulster County, which, in a proceeding pursuant to CPLR article 78, denied petitioner's motion for reconsideration.

When this case was previously before this Court, we affirmed the judgment dismissing the petition seeking to annul a tier III disciplinary determination which found petitioner guilty of violating several prison disciplinary rules (38 AD3d 1031 [2007]). Petitioner thereafter moved for reconsideration based upon the existence of alleged newly discovered evidence. Specifically, petitioner asserted that, contrary to what he was advised at the time of his disciplinary hearing, his subsequent criminal case in connection with this incident revealed that there was a log of prison visitors pertaining to the date of the incident. According to petitioner, this log demonstrated that, among other things, he was denied adequate employee assistance in connection with his disciplinary hearing and his waiver of the right to call witnesses during the hearing was not voluntary. Supreme Court denied petitioner's motion and this appeal ensued.

We initially note that although petitioner did not specifically identify the nature of his motion, it is in the nature of renewal inasmuch as it is premised solely upon the supposed discovery of new evidence (*see Wahl v Grippen*, 305 AD2d 707, 707 [2003]). We find that Supreme Court properly denied petitioner's mo-

tion. Petitioner admitted during his disciplinary hearing that visiting hours were over and nobody else was present in the room with him at the time that the subject incident occurred. Thus, assuming that the visitors log can be considered newly discovered evidence, it would not have led to a different outcome given petitioner's concession that there were no witnesses to the incident (*see Amodeo v State of New York*, 257 AD2d 748, 749 [1999]).

Mercure, J.P., Peters, Kane, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.