■ In the Matter of JOHN D. JUSTICE, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Service, Respondent.
[888 NYS2d 783]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged with violating the prison disciplinary rules that prohibit fighting, soliciting, the failure to report an injury and the making of threats. The charges stemmed from petitioner being observed with a serious eye injury and the subsequent investigation. Following a tier III disciplinary hearing, petitioner was found guilty of failing to report an injury and not guilty on the remaining charges. This determination was affirmed on administrative appeal, prompting petitioner to commence this CPLR article 78 proceeding.

Petitioner's sole contention on review is that he was denied the right to present relevant documentary evidence by respondent's failure to provide him with a copy of the unusual incident report. Our review of the report, however, reveals that it does not contain any information exonerating petitioner of his guilt for failing to report an injury (*see Matter of Seymour v Goord*, 24 AD3d 831, 831-832 [2005], *lv denied* 6 NY3d 711 [2006]; *Matter of Hodges v Murphy*, 246 AD2d 701, 701-702 [1998]).

Moreover, petitioner has not shown that the failure to obtain the report prejudiced his ability to raise a defense (*see Matter of Odom v Selsky*, 58 AD3d 1060, 1061 [2009]). Finally, as the Hearing Officer informed petitioner at the disciplinary hearing that he was unaware of the existence of the report and that it was not included in the evidence he was considering in reaching his determination, any error in failing to provide the report to petitioner was harmless (*see Matter of Seymour v Goord*, 24 AD3d at 831-832; *Matter of Deleon v Goord*, 291 AD2d 607, 609 [2002], *lv denied* 98 NY2d 610 [2002]).

Cardona, P.J., Peters, Lahtinen, Malone Jr. and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.