*1181 Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.
Petitioner commenced this CPLR article 78 proceeding seeking to challenge a tier III disciplinary determination — affirmed on administrative appeal — that found him guilty of violating four prison disciplinary rules set forth in two misbehavior reports. As the Attorney General concedes, the determination must be annulled insofar as it found petitioner guilty of the charges in the first misbehavior report (see Matter of Bilal v Fischer, 92 AD3d 1046, 1046-1047 [2012]) on the ground that the Hearing Officer did not “adequately identify] one of petitioner’s potential witnesses” with respect to those charges. Because the original penalty imposed contained a recommended loss of good time, the matter must be remitted to respondent for a reassessment of the penalty.
We reject petitioner’s remaining arguments. The second misbehavior report charged petitioner with intentionally flooding his cell with toilet water and disobeying a direct order to stop doing so. Petitioner objected at the hearing that he had not received adequate employee assistance with respect to the second report, and, when the Hearing Officer attempted to cure the deficiency by asking petitioner what he needed, petitioner simply confirmed that he had received the misbehavior report and did not need any witnesses. Although petitioner now suggests that the employee assistant should have investigated whether the prior resident of his cell had complained that the toilet was leaking, he did not make that request at the hearing. Nor did petitioner request that the prior resident of his cell be called as a witness; rather, petitioner objected that he should have been permitted to call witnesses with respect to the first misbehavior report. Inasmuch as the finding of guilt on the charges in the first report has been annulled and petitioner has failed to demonstrate any prejudice arising from the failure to investigate prior complaints in light of the unrefuted eyewitness account in the second report that petitioner intentionally flooded his cell, the remaining charges must be confirmed (see Matter of Barca v Fischer, 80 AD3d 1038, 1039 [2011], lv denied 16 NY3d 711 [2011]; Matter of Berrian v Goord, 288 AD2d 670, 671 [2001]; cf. Matter of Bellamy v Fischer, 87 AD3d 1217, 1218 [2011]).
Petitioner’s remaining contention has been examined and found to lack merit.
*1182 Mercure, J.E, Rose, Lahtinen, Stein and McCarthy, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of violating mess hall procedures and the first charge of disobeying a direct order; petition granted to that extent, respondent is directed to expunge all references to these charges from petitioner’s institutional record and matter remitted to respondent for an administrative redetermination of the penalty imposed on the remaining violations; and, as so modified, confirmed.