Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with fighting, engaging in violent conduct, refusing to obey a direct order, destroying state property and possessing a weapon after a correction officer observed him chasing another inmate while carrying a broken squeegee handle. Following a tier III disciplinary hearing, he was found not guilty of refusing a direct order and destroying state property, but was found guilty of the remaining charges. On administrative appeal, the charge of fighting was dismissed, but the remainder of the determination was upheld with no change in penalty. This CPLR article 78 proceeding ensued.
We confirm. Substantial evidence was presented at the hearing to support the determination of guilt as to the two remain *1004 ing charges in issue, including the misbehavior report and testimony of its author who observed the incident, the documentary evidence and other testimony (see Matter of Vassell v Goord, 26 AD3d 547, 547 [2006]). We reject petitioner’s contention that he was denied the right to present relevant documentary evidence by respondent’s failure to provide him with a copy of the unusual incident report prior to the hearing. The Hearing Officer informed him at the hearing that the report had not yet been completed and a preliminary report was read into the record, and the Hearing Officer expressly relied only on the testimony of the reporting individuals, not on the preliminary report. Our review of the final report reveals that it does not contain any information exonerating petitioner of his guilt, and petitioner has not shown that the failure to have a copy of the report prejudiced his ability to raise a defense (see Matter of Justice v Fischer, 67 AD3d 1286, 1286-1287 [2009], lv denied 14 NY3d 709 [2010]; Matter of Seymour v Goord, 24 AD3d 831, 831-832 [2005], lv denied 6 NY3d 711 [2006]). Petitioner’s remaining claim, that gaps in the hearing transcript prevent meaningful judicial review, is raised for the first time in his brief and, therefore, is not preserved for our review (see Matter of Tebout v Goord, 290 AD2d 833, 833 [2002]).
Peters, P.J., Stein, McCarthy and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.