Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.
Petitioner was issued two misbehavior reports charging him with several violations of prison disciplinary rules on July 29, 2011. The first report describes how petitioner became belligerent when a correction officer did not immediately open a door to allow petitioner to retrieve his medication. The report alleges that petitioner began swearing at the officer and repeatedly punched him in the face. Despite being ordered to stop and remain in place, petitioner returned to his cube. The second report, prepared by a correction officer who responded to the first correction officer’s request for assistance, specifies that petitioner became involved in a violent struggle with a third correction officer after that officer went to petitioner’s cube and attempted to handcuff him. Following a tier III disciplinary hearing, petitioner was found guilty of two counts of violent conduct, two counts of assaulting staff, two counts of creating a disturbance, two counts of refusing a direct order, interfering with an employee and failing to follow a staff directive as to movement. The determination was affirmed on administrative appeal and this CPLR article 78 proceeding ensued.
We confirm. To the extent that petitioner challenges the sufficiency of the evidence supporting the determination, the misbehavior reports and the hearing testimony provided substantial evidence supporting the determination of guilt (see Matter of Fernandez v Fischer, 105 AD3d 1287, 1288 [2013]; Matter of Spikes v Fischer, 100 AD3d 1231, 1231 [2012], lv denied 20 NY3d 862 [2013]). Contrary to petitioner’s contention, the author of the second misbehavior report corroborated the report through his testimony that he witnessed petitioner struggling with another correction officer in an attempt to avoid being apprehended.
*1064 Turning to petitioner’s procedural challenges, we reject his contention that he was denied the right to present relevant documentary evidence by not being provided a copy of the unusual incident report prior to or during the hearing. The Hearing Officer informed him at the hearing that the final report had not yet been completed, and the record reflects that a preliminary report was read to petitioner prior to the hearing. We have reviewed the final report, which does not contain any information exonerating petitioner of his guilt, nor has petitioner established that his ability to present a defense was prejudiced by not having received a copy of such report (see Matter of Phelps v Fischer, 108 AD3d 1003, 1004 [2013]; Matter of Justice v Fischer, 67 AD3d 1286, 1286-1287 [2009], lv denied 14 NY3d 709 [2010]; Matter of Seymour v Goord, 24 AD3d 831, 831-832 [2005], lv denied 6 NY3d 711 [2006]). We also reject petitioner’s claim that he was improperly denied the right to call the arsenal officer as a witness, given that such testimony would have been irrelevant (see Matter of Giano v Prack, 105 AD3d 1228, 1228 [2013]). Similarly, petitioner was properly denied the arsenal logbook as irrelevant to the charges (see Matter of Vega v New York State Dept, of Correctional Servs., 92 AD3d 991, 992 [2012]). Further, contrary to petitioner’s contention, “there is no indication that the transcript of the hearing was deliberately altered or that significant portions are missing such as to preclude meaningful review” (Matter of Costello v Smith, 26 AD3d 566, 567 [2006]; see Matter of Taylor v Fischer, 74 AD3d 1677, 1677-1678 [2010]). Finally, any error in failing to disclose the victims’ medical records was harmless inasmuch as they were not relied upon in making the determination (see Matter of Hardy v Smith, 87 AD3d 779, 780 [2011]). Petitioner’s remaining claims, including his assertion that the Hearing Officer was biased against him, have been examined and found to be without merit.
Rose, J.E, Stein, Spain and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.