■ In the Matter of FERNANDO GUERRERO, Petitioner, v NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, Respondent. [977 NYS2d 470]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating a prison disciplinary rule.

When a urine sample provided by petitioner, a prison inmate, twice tested positive for the presence of cannabinoids, he was charged in a misbehavior report with the use of a controlled substance. Petitioner was found guilty of the charge following a tier III disciplinary hearing, and the determination was affirmed on administrative appeal. He then commenced this CPLR article 78 proceeding.

We confirm. The misbehavior report, testimony of the correction officer who performed the drug testing, and positive test results with supporting documentation provide substantial evidence to support the determination (*see Matter of Monje v Geoghegan*, 108 AD3d 957, 957 [2013]; *Matter of Smith v Unger*, 100 AD3d 1171, 1171 [2012]). The validity of the test results was not undermined by the fact that they were recorded on a single form—rather than separate forms as contemplated by the directive—as the single form was developed to reduce paperwork (*see e.g. Matter of Hall v Venettozzi*, 98 AD3d 773, 773 [2012]; *Matter of Faraldo v Bezio*, 93 AD3d 1007, 1008 [2012]). Further, petitioner was not denied the right to present documentary evidence by the Hearing Officer's refusal to provide him with a copy of the log book entry for the testing room refrigerator. The record demonstrates that the Hearing Officer viewed the entry and related to petitioner its contents, which was contained in other forms in evidence and, thus, the denial of the entry itself did not prejudice petitioner's defense (*see Matter of Phelps v Fischer*, 108 AD3d 1003, 1004 [2013]; *Matter of Justice v Fischer*, 67 AD3d 1286, 1286-1287 [2009], *lv denied* 14 NY3d 709 [2010]). Lastly, petitioner was not deprived of effective employee assistance, but, rather, failed to request the documentary evidence from his assistant that he now claims was not provided (*see e.g. Matter of Williams v Fischer*, 98 AD3d 1180, 1181 [2012]; *Matter of Tafari v Selsky*, 38 AD3d 1031, 1032 [2007], *lv denied* 8 NY3d 816 [2007]). Petitioner's remaining arguments are either unpreserved for our review or are lacking in merit.

Peters, P.J., Rose, McCarthy and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

■ TD BANKNORTH, N.A., Formerly Known as BANKNORTH, N.A., as Successor by Merger to EVERGREEN BANK, N.A., Re-