*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: November 12, 2015            520587
_____

In the Matter of INJAH TAFARI,
                    Appellant,

        v
                                            MEMORANDUM AND ORDER
DONALD SELSKY, as Director of
    Special Housing and Inmate
    Disciplinary Programs,
                    Respondent.
_____

Calendar Date: September 22, 2015

Before: Peters, P.J., McCarthy, Egan Jr. and Clark, JJ.

                    _____

        Injah Tafari, Elmira, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Kate H.
Nepveu of counsel), for respondent.

                    _____

        Appeal from a judgment of the Supreme Court (Cahill, J.),
entered January 8, 2015 in Ulster County, which, in a proceeding
pursuant to CPLR article 78, denied petitioner's motion for
reconsideration.

        When this case was initially before this Court, we affirmed
the judgment dismissing the petition that sought to annul a tier
III disciplinary determination finding petitioner guilty of
violating several prison disciplinary rules (38 AD3d 1031
[2007]). Thereafter, this Court affirmed the judgment that
denied petitioner's motion for reconsideration based upon the
existence of alleged newly discovered evidence regarding a
visitors log that supported his assertions that he was denied
adequate employee assistance in connection with his disciplinary
hearing and his waiver of the right to call witnesses during the

hearing was not voluntary (58 AD3d 1094 [2009], lv dismissed 12 NY3d 812 [2009]).  Petitioner, again, moved for reconsideration based upon alleged newly discovered evidence of an eyewitness to the disciplinary incident.  Supreme Court denied the motion and this appeal ensued.

Initially, we note that, because the motion is based solely on newly discovered evidence, it is a motion for renewal and not, as characterized by Supreme Court, a motion for reargument (see CPLR 2221 [d], [e]).  Assuming that the alleged eyewitness affidavit is new evidence, that evidence would not have led to a different outcome (see 58 AD3d at 1095).  As such, denial of the motion was appropriate.

Peters, P.J., McCarthy, Egan Jr. and Clark, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court